⚠ Caution
As of: November 22, 2013 4:35 PM EST

Plaintiffs' Exhibit O

# Mattox v. Am. Std.

United States District Court for the Eastern District of Pennsylvania
July 11, 2011, Decided; July 11, 2011, Filed
CONSOLIDATED UNDER MDL 875; E.D. PA CIVIL ACTION NO. 2:07-73489

**Reporter:** 2011 U.S. Dist. LEXIS 105267

EVELYN MATTOX, Plaintiff, v. AMERICAN STANDARD, INC., ET AL., Defendants.

**Subsequent History:** Summary judgment granted by Mattox v. Am. Std., Inc., 2011 U.S. Dist. LEXIS 110340 (E.D. Pa., July 11, 2011)
Summary judgment denied by Mattox v. Am. Std., Inc., 2011 U.S. Dist. LEXIS 110348 (E.D. Pa., July 11, 2011)

**Prior History:** [*1] Transferred from the Western District of North Carolina (Case No. 07-00314).
Tyler v. Various Defendants (In re Asbestos Prods. Liab. Litig.), 2011 U.S. Dist. LEXIS 111349 (E.D. Pa., July 1, 2011)

**Counsel:** For EVELYN MATTOX, EXECUTOR OF THE ESTATE OF WILLIAM D. MATTOX, DECEASED, Plaintiff: DEMETRIOS T. ZACHAROPOULOS, LEAD ATTORNEY, CHARLES S. SIEGEL, LOREN JACOBSON, WATERS & KRAUS LLP, DALLAS, TX; GEORGE G. TANKARD, III, LEAD ATTORNEY, WATERS & KRAUS, BALTIMORE, MD.

For CRANE CO., Defendant: KENNETH K. KYRE, JR., LEAD ATTORNEY, PINTO COATES KYRE & BROWN, GREENSBORO, NC; MICHAEL J. ZUKOWSKI, LEAD ATTORNEY, K&L GATES, PITTSBURGH, PA; TRACY E. TOMLIN, WILLIAM MICHAEL STARR, LEAD ATTORNEYS, NELSON MULLINS RILEY & SCARBOROUGH, LLP, CHARLOTTE, NC.

For GENERAL ELECTRIC COMPANY, Defendant: KENNETH K. KYRE, JR., LEAD ATTORNEY, PINTO COATES KYRE & BROWN, GREENSBORO, NC; TIMOTHY PECK, LEAD ATTORNEY, SMITH MOORE LEATHERWOOD LLP, GREENSBORO, NC.

For GEORGIA-PACIFIC CORPORATION, Defendant: KENNETH K. KYRE, JR., LEAD ATTORNEY, PINTO COATES KYRE & BROWN, GREENSBORO, NC.

For GOULD PUMPS, INCORPORATED, Defendant: JOSEPH A. RHODES, JR., LEAD ATTORNEY, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, GREENVILLE, SC; KENNETH K. KYRE, JR., LEAD ATTORNEY, PINTO COATES KYRE & BROWN, GREENSBORO, NC; LINDSAY MARIE PEED, LEAD ATTORNEY, OGLETREE, [*2] DEAKINS, NASH, SMOAK & STEWART, CHARLOTTE, NC; SCOTT E. FRICK, LEAD ATTORNEY, HAYNSWORTH SINKLER BOYD PA, GREENVILLE, SC; MICHAEL L. WADE, JR., OGLETREE DEAKINS NASH SMOAK & STEWART PC, CHARLOTTE, NC.

For LESLIE CONTROLS, INC., Defendant: CHARLES M. SPRINKLE, III, LEAD ATTORNEY, SCOTT E. FRICK, WILLIAM DAVID CONNER, HAYNSWORTH SINKLER BOYD PA, GREENVILLE, SC.

For WARREN PUMPS, LLC, Defendant: JOSHUA H. BENNETT, LEAD ATTORNEY, BENNETT & GUTHRIE, WINSTON-SALEM, NC; SCOTT E. FRICK, LEAD ATTORNEY, HAYNSWORTH SINKLER BOYD PA, GREENVILLE, SC; EDWARD M. SLAUGHTER, HAWKINS PARNELL & THACKSTON, DALLAS, TX.

For YARWAY CORPORATION, Defendant: TRACY E. TOMLIN, LEAD ATTORNEY, NELSON MULLINS RILEY & SCARBOROUGH, LLP, CHARLOTTE, NC.

**Judges:** EDUARDO C. ROBRENO, J.

**Opinion by:** EDUARDO C. ROBRENO

**Opinion**

## ORDER

**AND NOW**, this **11th** day of **July, 2011,** it is hereby **ORDERED** that the Motion for Summary Judgment of Defendant Goulds Pumps, Inc. (doc. no. 85) is **GRANTED.** [1]

A. B.

2011 U.S. Dist. LEXIS 105267, *2

E.D. PA CIVIL ACTION NO. 2:07-73489  /s/ Eduardo C. Robreno

**AND IT IS SO ORDERED.**  **EDUARDO C. ROBRENO, J.**

---

[1] In February of 2007, Plaintiff filed a complaint in North Carolina state court alleging that William Mattox was exposed to asbestos during his time working at Duke Power's Marshal Steam Plant and Belews Creek Electric Plant in North Carolina from 1978 until 1996. Plaintiff brings [*3] negligence and strict liability claims against Defendants. Plaintiff asserts that Mr. Mattox was exposed to asbestos from Goulds Pumps while working at Duke Energy power plant and that Goulds knew that its pumps required asbestos-containing component parts.

## I. LEGAL STANDARD

Summary Judgment Standard

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the [*4] nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

The Applicable Law

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. The alleged exposures which are relevant to this motion occurred in North Carolina. Therefore, this Court will apply North Carolina law in deciding Defendant's Motion for Summary Judgment. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945).

In Jones v. Owens-Corning Fiberglas Corp., the United States Court of Appeals for the Fourth Circuit, applying North Carolina law, cited to Lohrmann v. Pittsburgh Corning Corp. in finding that "the plaintiff in a personal injury [*5] asbestos case 'must prove more than a casual or minimum contact with products' containing asbestos in order to hold the manufacturer of that product liable." 69 F.3d 712, 716 (4th Cir. 1995) (quoting 782 F.2d 1156, 1162 (4th Cir. 1986)). The plaintiff must present "'evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" Id. The court noted that Lohrmann was decided under Maryland law, but that nothing indicated that there was any conflict between North Carolina and Maryland laws on these issues. 69 F.3d at 716 n. 2 (citing Wilder v. Amatex Corp., 314 N.C. 550, 336 S.E.2d 66, 68 (N.C. 1985)). The United States District Court for the Western District of North Carolina cited Jones and the Lohrmann test in Agner v. Daniel International Corp. where the court noted that "in any asbestos case, a plaintiff must '(1) identify an asbestos-containing product for which a defendant is responsible, (2) prove that he has suffered damages, and (3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages.'" No. 3:98CV220, 2007 WL 57769 at *4-5 (W.D.N.C. 2007) (quoting Lohrmann v. AC Prods. Liab. Trust, 264 F. Supp. 2d 583, 587 (N.D. Oh. 2003), [*6] aff'd, 424 F.3d 488 (6th Cir. 2005); see also Mills v. ACANDS, Inc., No. 1:00CV33, 2005 WL 2989639 at *3 (W.D.N.C. 2005) (following Jones and Lohrmann)).

## II. MOTION FOR SUMMARY JUDGMENT OF GOULDS PUMPS, INC.

Mr. Mattox testified that he thought that he was exposed to asbestos when he worked on pumps at the Duke Energy Power Plant and that he believed he was exposed to Goulds pumps in the basement of the plant. (Mattox Dep., Sept. 22, 2006 at 25-26.) He testified that pumps in the basement area of the plant contained asbestos. (Id. at 25.) He testified that he worked with Goulds pumps and that he believed that he was exposed to asbestos from these pumps. (Id. at 68-69.) On cross-examination, Mr. Mattox could not definitively testify as to whether he worked directly with Goulds pumps, but testified that he either worked around Goulds pumps or with somebody that worked on Goulds pumps. (Id. at 198-99.) Plaintiff has presented no evidence as to the frequency with which Mr. Mattox worked with or around Goulds pumps. Accordingly, as Plaintiff has failed to raise a genuine issue of material fact as to whether Mr. Mattox was regularly exposed to asbestos from Goulds pumps, Defendant's Motion [*7] for Summary Judgment is granted.