UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-cv-752-FL

| | |
|---|---|
| GRAHAM YATES and BECKY YATES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| AIR & LIQUID SYSTEMS ) | |
| CORPORATION, successor by merger to ) | |
| Buffalo Pumps, Inc., individually and as ) | |
| successor-in-interest to The Delaval ) | ORDER |
| Separator Company; ALFA LAVAL, ) | |
| INC.; ARMSTRONG INTERNATIONAL, ) | |
| INC.; BORG-WARNER MORSE TEC, ) | |
| INC., individually and as successor-in- ) | |
| interest to Borg-Warner Corporation; CBS ) | |
| CORPORATION, a Deleware Corporation ) | |
| formerly known as Viacom, Inc. (sued as ) | |
| successor by merger to CBS Corporation) ) | |
| formerly known as Westinghouse Electric ) | |
| Corporation; CRANE CO.; CROWN ) | |
| CORK & SEAL COMPANY, INC., ) | |
| individually and as successor-in-interest to ) | |
| Mundet Cork Company; DANA ) | |
| COMPANIES LLC; ELLIOTT TURBO ) | |
| MACHINERY COMPANY, also known ) | |
| as Elliot Company; FLOWSERVE US ) | |
| INC., individually and as successor-in- ) | |
| interest to Edward Valve, Inc.; FMC ) | |
| CORPORATION, individually and as ) | |
| successor-in-interest to Northern Pump ) | |
| Company formerly known as Northen Fire ) | |
| Apparatus Company; FORD MOTOR ) | |
| COMPANY; FOSTER WHEELER ) | |
| ENERGY CORPORATION; THE GATES ) | |
| CORPORATION; GENERAL ELECTRIC ) | |
| COMPANY; HOBART BROTHERS ) | |
| COMPANY; HONEYWELL ) | |
| INTERNATIONAL, INC., successor-in- ) | |
| interest to Bendix Corporation; ) | |
| HOPEMAN BROTHERS INC.; IMO ) | |

| | |
|---|---|
| INDUSTRIES, INC., individually and as successor-in-interest to Delaval Turbine, Inc.; JOHN CRANE, INC.; MCNALLY INDUSTRIES, LLC, individually and as successor-in-interest to Northern Fire Apparatus Company; METROPOLITAN LIFE INSURANCE COMPANY; UNICOAT SALES LLC, individually and as successor-in-interest to KST Coatings LLC formerly known as KST Coatings Manufacturing, Inc.; UNION CARBIDE CORPORATION; VELAN VALVE CORPORATION; WARREN PUMPS LLC; WEIR VALVES & CONTROLS USA, INC., formerly known as Atwood & Morrill; THE WILLIAM POWELL COMPANY; and YARWAY CORPORATION; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter comes before the court on eight motions for summary judgment, separately filed on behalf of defendants IMO Industries, Inc. ("IMO") (DE 166); FMC Corporation ("FMC") (DE 168); Ford Motor Company ("Ford") (DE 171); Honeywell International, Inc. ("Honeywell") (DE 173); Dana Companies, LLC ("Dana") (DE 176); General Electric Company ("GE") (DE 177); Foster Wheeler Energy Corporation ("Foster Wheeler") (DE 178); and Crown Cork & Seal Company, Inc. ("Crown") (DE 179). Plaintiff has responded only to those motions filed by Honeywell and Ford. Issues raised in part are ripe for ruling. For reasons that follow, the court grants summary judgment on all unopposed motions for summary judgment, and holds in abeyance decision on opposed motions for summary judgment by defendants Ford and Honeywell pending further briefing. Also before the court is defendant Ford's motion to strike (DE 192). This motion is denied.

2

## STATEMENT OF THE CASE

Plaintiffs, residents of Wake County, North Carolina, bring this action alleging personal injury and loss of consortium. Plaintiff Graham Yates was diagnosed with mesothelioma on August 13, 2012. Plaintiffs allege that his condition resulted from exposure to asbestos during his employment as seaman, laborer, service station attendant, and automotive parts handler.

In complaint filed November 16, 2012, plaintiffs assert claims against a multitude of defendants: 1) Air & Liquid Systems Corporation; ("Air & Liquid") 2) Alfa Laval, Inc.; ("Alfa Laval") 3) Armstrong International, Inc. ("Armstrong"); 4) Borg-Warner Morse Tec, Inc. ("Borg-Warner"); 5) CBS Corporation; ("CBS") 6) Crane Co.; ("Crane") 7) Crown; 8) Dana; 9) Elliot Turbo Machinery Company; ("Elliot Turbo") 10) Flowserve US, Inc. ("Flowserve"); 11) FMC; 12) Ford; 13) Foster Wheeler; 14) The Gates Corporation ("Gates"); 15) GE; 16) Hobart Brothers Company ("Hobart Brothers"); 17) Honeywell; 18) Hopeman Brothers Inc. ("Hopeman Brothers"); 19) IMO; 20) John Crane, Inc. ("John Crane"); 21) McNally Industries, LLC ("McNally"); 22) Metropolitan Life Insurance Company ("MetLife"); 23) Unicoat Sales LLC ("Unicoat Sales"); 24) Union Carbide Corporation ("Union Carbide"); 25) Velan Valve Corporation ("Velan Valve"); 26) Warren Pumps, LLC ("Warren Pumps"); 27) Weir Valves & Controls USA, Inc.; ("Weir Valves") 28) William Powell Company ("William Powell"); and 29) Yarway Corporation ("Yarway").

All defendants, except MetLife, are alleged to have acted negligently in putting asbestos or asbestos-containing products into interstate commerce without providing warning or protection (First Cause), to have breached implied warranties that asbestos materials were of good and merchantable quality and fit for their intended use (Second Cause), to have acted willfully and wantonly in exposing plaintiff Graham Yates to asbestos (Third Cause), to have

committed false representation and fraud regarding the dangers of asbestos exposure to plaintiff Graham Yates (Fourth Cause), and to have failed to warn plaintiff Graham Yates of the dangers associated with asbestos exposure (Fifth Cause). Defendant MetLife is alleged to have engaged in a conspiracy and to be liable for punitive damages, where it is asserted that Metlife aided and abetted the negligence and marketing of asbestos-containing products (Sixth Cause).

Five days after complaint was filed, on November 21, 2012, the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") adopted suggestion of United States District Judge Eduardo C. Robreno, the transferee judge overseeing Multi-District Litigation for asbestos products liability actions (MDL No. 875). Consequently, the MDL Panel ceased prior practice of transferring to the Eastern District of Pennsylvania the "tag-along actions" commenced in seven jurisdictions, including the Eastern District of North Carolina. Thus, the case remains before this court.

Various defendants have been removed already from suit. On joint motions to dismiss, defendants 1) Armstrong; 2) Flowserve; 3) Hopeman Brothers; 4) Hobart Brothers; 5) John Crane; 6) Gates; 7) Union Carbide; 8) Velan Valve; 9) Warren Pumps; 10) William Powell; and 11) Yarway, all have been dismissed from the action. Defendant McNally was the subject of a stipulation of dismissal without prejudice and plaintiffs filed a notice of voluntary dismissal of defendant Unicoat Sales, so a total of thirteen (13) original defendants no longer are subject to this action.

The remaining sixteen (16) defendants largely deny plaintiff's allegations in their responsive pleadings for lack of specific knowledge and belief. A myriad of defenses have been raised, including failure to state a claim, contributory negligence, assumption of risk, compliance

4

with state of the art, industry practice, failure to mitigate damages, res judicata, and failure to join necessary parties, among others.

On March 11, 2013, the court issued its initial order on planning and scheduling. In accordance therewith, the parties held a Joint Rule 26 Report and Plan, with Kirk G. Warner appearing for defendant Ford and on behalf of all defendants, and Tiffany N. Dickenson appearing on behalf of plaintiffs. The court issued a Case Management Order on April 17, 2013, providing in part that all fact discovery would be completed by July 1, 2013, and any summary judgment motions filed on or before November 1, 2013.

Defendants IMO, FMC, Ford, Honeywell, Dana, GE, Foster Wheeler, and Crown, the eight movants for summary judgment now before the court, generally argue that plaintiffs have failed to provide evidence showing that plaintiff Graham Yates suffered significant exposure to asbestos from a specific product that these defendants made or supplied. As noted, plaintiffs responded in opposition only to motions on behalf of defendants Honeywell and Ford, arguing that discovery had produced evidence of exposure to asbestos in these defendants' products.

Defendant Ford tendered notice of subsequently decided authority January 17, 2014, in furtherance of its arguments. (DE 190). Rule 7.1(g), Local Civil Rules, provides that "[a] suggestion of subsequently decided controlling authority, without argument, may be filed and served at any time prior to the court's ruling and shall contain only the citation to the case relied upon if published or a copy of the opinion if the case is unpublished." Defendant Ford noticed a decision by the United States Bankruptcy Court for the Western District of North Carolina, for its relationship to the issue of the sufficiency of exposure to chrysotile asbestos in mesothelioma cases, In Re: Garlock Sealing Technologies, LLC, et al., Case No. 10-31607, decided on January 10, 2014.

5

Plaintiffs responded with argument addressed to that notice, criticizing the absence of argument in Ford's presentation. (DE 191). Plaintiffs offer a page and a half of argument. This was followed by Ford's motion to strike. (DE 192). Defendant Ford points out that argument is not permitted when noticing subsequently decided authority and, moreover, the rules do not permit a response.

The eight other, remaining defendants have not raised any issues for decision on summary judgment. These quiet defendants include 1) Air & Liquid; 2) Alfa Laval; 3) Borg-Warner; 4) CBS; 5) Crane Co.; 6) Elliot Turbo; 7) MetLife; and 8) Weir Valves. Each of these defendants filed answer including request that the court dismiss the complaint. None of these defendants has sought to advance dismissal through proper motions practice as prescribed in the court's Local Civil Rules. Plaintiffs' claims against each remain.

## STATEMENT OF FACTS

The undisputed facts, viewed in the light most favorable to plaintiffs, generally are as follows. From 1957 to the late 1970s, plaintiff Graham Yates held the following positions:

| EMPLOYER/WORKSITE | APPROXIMATE DATES |
|---|---|
| U.S. Navy – USS Jonas Ingram USS Clarence K. Bronson | 1957-1960 |
| Self – Repair and maintenance of personal vehicles (Raleigh, NC) | Approximately 1956-mid 1960s |
| William Muirhead Construction Co. (Durham, NC) | 1953-1955 intermittently |
| Daniels Esso Station (Raleigh, NC) | 1956 |
| Upchurch Esso Station (Raleigh, NC) | 1957 |
| Sanders Motor Company (Raleigh, NC) | Approximately 1960-1961 |

6

| N.C. Equipment Depot (Raleigh, NC) | Approximately 1961-1962 |
| Self – Roof Repair (Raleigh, NC) | Late 1970s |

Plaintiffs allege that plaintiff Graham Yates was exposed to asbestos through products that were present at the workplace in these various positions. They allege that defendants manufactured, supplied and distributed the products that exposed plaintiff Graham Yates to asbestos. As a consequence, plaintiff Graham Yates contracted mesothelioma.

The only products indisputably at issue in the context of the instant motions are certain brakes manufactured by defendant Ford and by defendant Honeywell's successor-in-interest. With reference to other, undisputed facts, particular circumstances of plaintiff Graham Yates's exposure to these defendants' products are detailed further below, in the court's discussion of the respective motions.

**DISCUSSION**

A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This standard is met when "a reasonable jury can reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). On the other hand, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and summary judgment should be denied. Id. at 489-90.

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but rather contemplates whether a genuine issue exists for trial. Anderson v.

7

Liberty Lobby, 477 U.S. 242, 249 (1986). In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Nevertheless, such inferences "must still be within the range of reasonable probability" and the court should issue summary judgment "when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quoting Ford Motor Co. v. McDavid, 259 F.2d 261 (4th Cir. 1958)). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247–48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion. Id. at 248–49.

The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

B. Analysis

    1.    Law of Causation in Asbestos Cases

In an asbestos case applying North Carolina law, the Fourth Circuit has held:

> The plaintiff in a personal injury asbestos case must prove more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable. Instead, the plaintiff must present evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.

Jones v. Owens-Corning Fiberglas Corp., 69 F.3d 712, 716 (4th Cir. 1995) (internal citations and punctuation omitted).[1]

Plaintiff Graham Yates's service aboard ships while in the Navy raises the issue of whether maritime law, rather than North Carolina law, applies to the torts that allegedly occurred during that time. The Supreme Court has established that maritime law applies when 1) a tort occurs on navigable waters, (the "location test") and 2) the incident could have a "potentially disruptive impact on maritime commerce" and the "activity giving rise to the incident has a substantial relationship to traditional maritime activity" (the "connection test"). Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)(internal punctuation omitted).

The Supreme Court has applied maritime law to torts occurring on a ship docked at a marina located on a navigable waterway. Sisson v. Ruby, 497 U.S. 358 (1990). Drawing on this ruling, the Eastern District of Pennsylvania (which, until recently, handled most asbestos litigation arising in this district) has found the locality test to be satisfied for claims regarding asbestos exposure which occurred aboard ships docked at a shipyard. Deuber v. Asbestos Corp., 2011 WL 6415339, at *1, n.1 (E.D. Pa. Dec. 2, 2011). Furthermore, courts have found that exposure to asbestos which occurs aboard a ship on navigable waters satisfies the connection test, because it poses a danger of injury to other crew members which could affect maritime commerce. Lambert v. Babcock & Wilcox, Co., 70 F.Supp.2d 877 (S.D. Ind. 1999); John Crane, Inc. v. Jones, 274 Va. 581 (2007). Consequently, torts arising from plaintiff Graham Yates's service aboard Navy ships are governed by maritime law.

---

[1] Along similar lines, the North Carolina Supreme Court has held that a plaintiff in an asbestos case "must demonstrate that he was actually exposed to the alleged offending products." Wilder v. Amatex Corp., 314 N.C. 550, 553 (1985). A mere showing that defendant's products were shipped to the job sites at which plaintiff worked will be insufficient to establish liability. Id.

9

The Sixth Circuit has formulated a test for causation specific to asbestos cases in the maritime context, requiring a plaintiff to show "for *each* defendant, that 1) he was exposed to the defendant's product, and 2) the product was a substantial factor in causing the injury he suffered." Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005) (*emphasis added*). "Minimal exposure," or a "mere showing that a defendant's product was present somewhere at plaintiff's place of work" are insufficient. Id. The Fourth Circuit has not developed a similar standard for such cases. Yet as the analysis below shows, in those actions governed by maritime law the court would reach the same result whether it applies the Owens-Corning Fiberglas Corp. standard or the standard from Lindstrom.

   2.   Unopposed Motions for Summary Judgment

      a.   Dana

Defendant Dana argued that plaintiff Graham Yates has failed to provide evidence that would establish causation. The only products related to Dana that plaintiff Graham Yates identified as possible sources of asbestos exposure were Victor gaskets manufactured by Dana's predecessor-in-interest. Plaintiff Graham Yates testified that he replaced a gasket on his car in 1957 and another gasket on his brother's car around that time. (DE 176-2, p. 2). Yet plaintiff Graham Yates could not testify as to who manufactured the old gaskets in his vehicles. (Id., at 2-3). Nor could he recall whether the installation of the new gaskets in the cars generated any dust. (Id., at 3-4). He also testified that, while a stock clerk at the North Carolina Equipment Depot, his responsibilities included retrieving gaskets from bins and carting them to the front of the depot. Yet he could not recall any dust being generated by the new gaskets retrieved from the storage bins, and he testified that he never worked with old gaskets. (Id., at 9-10). He

admitted that he did not know whether any of the gaskets installed in the cars or retrieved at the depot contained asbestos. (DE 176-2, at 7-8, 10).

The Owens-Corning Fiberglas Corp. standard applies to this situation. Plaintiffs' evidence does not establish any asbestos exposure to a product manufactured by Dana or its predecessor-in-interest, let alone exposure "on a regular basis over an extended period of time." Owens-Corning Fiberglas Corp., 69 F.3d at 716. Because all five of plaintiffs' claims against Dana are premised on this exposure, none of them may proceed. Accordingly, summary judgment is granted for defendant Dana.

        b.     FMC

Defendant FMC argues that plaintiffs have not produced any evidence that plaintiff Graham Yates was exposed to asbestos from any product that it manufactured or for which it had legal responsibility. Defendant FMC asserts that plaintiff Graham Yates was the only witness to testify to any exposure, and he did not discuss working with any product made by defendant FMC or its predecessor. Plaintiffs also did not respond to defendant FMC's motion.

The only item in the record which details any potential exposure comes from a work history sheet that plaintiffs completed, which was attached to defendant Crown's motion for summary judgment. (DE 180-1). This sheet lists Northern, FMC's alleged predecessor-in-interest, as the supplier of a pump that plaintiff Graham Yates worked around while employed in the Navy. (DE 180-1, at 8). Plaintiffs provide no other evidence of the frequency, proximity, or manner of exposure. Other than the bare allegation that these pumps are "asbestos materials," there is no evidence to establish that any of them contained asbestos. This is not enough to establish exposure to a product containing asbestos, let alone exposure on a "regular basis," Owens-Corning Fiberglas Corp., 69 F.3d at 716, or a demonstration that the exposure was a

11

"substantial factor" in causing plaintiffs' injuries. Lindstrom, 424 F.3d at 492. Accordingly, plaintiffs cannot establish any genuine issue of material fact to support their claims against defendant FMC. The court grants this motion for summary judgment.

      c.    Foster Wheeler

Defendant Foster Wheeler states that plaintiff Graham Yates's exposure to its products could only have occurred while he was on board the *Bronson* during that ship's decommissioning. Plaintiff offers no evidence to refute this statement. Whether applying the Fourth Circuit's test in Owens-Corning Fiberglas Corp. for exposure of a "specific product on a regular basis over some extended period of time," or the Sixth Circuit's Lindstrom test for exposure to a product that plays a "substantial factor" in causing injury, plaintiffs have failed to produce the necessary evidence.

Plaintiff Graham Yates could not state that any product on the *Bronson* was manufactured by Foster Wheeler. Indeed, he admitted that he did not even know the company or any of its products. (DE 178-2, at 7). The work history sheet completed by plaintiffs and submitted by defendant Crown includes the bare statement that Foster Wheeler manufactured a condenser that plaintiff Graham Yates worked around, and lists this item as an "asbestos material." (DE 180-1, at 8).

Other than this statement, no other evidence has been presented to the court detailing the manner of exposure or the level of asbestos in the product. Plaintiffs have not offered any other evidence to establish that plaintiff Graham Yates was exposed to this product on a regular basis, or that the product was a substantial factor in causing plaintiffs' injuries. Accordingly, summary judgment is granted also for defendant Foster Wheeler.

      d.    IMO

12

Plaintiffs did not contest defendant IMO's contention that any contact with its products could only have occurred on board the *Bronson*. Plaintiff Graham Yates testified that he could not identify the manufacturer of any equipment, or the brand or trade name of any product in the *Bronson* engine room. (DE 172-2, at 5). He testified that he did not know the specific kind of equipment that other coworkers worked on in his presence. (Id., at 6). He testified that other coworkers would be the more appropriate people to discuss the different kinds of products that were on the ship, and the level of asbestos in those products. (Id., at 1-2). Yet plaintiffs provided no other witnesses or evidence to supplement plaintiff Graham Yates's testimony.

Again, the only other evidence submitted to the court showing any exposure from specific products is found in the work history sheets plaintiffs completed and submitted to Crown, which list several products manufactured by IMO's predecessor, Delaval, as "asbestos materials" that plaintiff Graham Yates worked around. (DE 180-1, p. 8). This evidence is a "mere showing that defendant's product was present somewhere at plaintiff's place of work" and is not sufficient to show that the product was a "substantial factor" in causing injury, Lindstrom, 424 F.3d at 492, or that exposure occurred on a "regular basis over an extended period of time." Owens-Corning Fiberglas Corp., 69 F.3d at 716. Accordingly, the court grants defendant IMO's motion for summary judgment.

  e. GE

GE also states that plaintiff Graham Yates's only potential place of exposure to GE products was on board the *Bronson*. In his deposition testimony, plaintiff Graham Yates admitted that he could not say whether a GE product exposed him to asbestos. (DE 177-2, p. 7). Plaintiffs did not respond to this clear demonstration that no genuine issue of material fact exists.

13

They have not presented any evidence to detail any exposure to asbestos through a GE product. Summary judgment also is granted for GE.

  f.  Crown

As noted above, plaintiffs completed a work history sheet listing all of plaintiff Graham Yates's employers and worksites, along with the asbestos products that he was allegedly exposed to on the job. (DE 180-1). Nowhere did plaintiff list any product for which Crown was legally responsible. Given the complete absence of any evidence to create a genuine issue of material fact, the court grants summary judgment for defendant Crown.

  3.  Opposed Motions for Summary Judgment

  a.  Ford and Honeywell

As to briefing by Ford, and to the extent legal arguments extend to claims against Honeywell, the issues raised are clouded by dispute concerning mention of a recent bankruptcy court case. As noted, defendant Ford tendered notice of subsequently decided authority January 17, 2014, complying with the applicable local rule which precludes argument. Rule 7.1(g), Local Civil Rules. Plaintiffs responded with argument addressed to the substance of that notice, wrongfully criticizing the absence of argument in Ford's presentation, while offering argument in support of their contentions. This submission was followed by Ford's motion to strike. Defendant Ford points out correctly that argument is not permitted when noticing subsequently decided authority and, moreover, the rules do not permit a response.

The court denies, in its discretion, the motion to strike; however, since the tenor of plaintiffs' response invites substantive argument, defendant Ford should now be given opportunity to illuminate the asserted import of the bankruptcy decision in answer to plaintiffs. Until defendant Ford is heard, the court holds in abeyance ruling on the opposed motions.

14

Case 5:12-cv-00752-FL   Document 194   Filed 01/31/14   Page 14 of 15

## CONCLUSION

For the reasons set forth above, the court GRANTS the motions for summary judgment filed by defendants IMO (DE 166); FMC (DE 168); Dana (DE 176); GE (DE 177); Foster Wheeler (DE 178); and Crown (DE 179).[2] Defendant Ford's motion to strike (DE 192) is DENIED. The court holds in abeyance decision on motions filed by defendants Ford (DE 171) and Honeywell (DE 173), pending defendant Ford's address of arguments offered by plaintiffs (DE 191) in response to its notice (DE 190). Said response shall be filed within fourteen (14) days from date of entry of this order.

SO ORDERED, this the 30th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] The court constructively amends the case caption to reflect earlier removal from the litigation of defendants Armstrong, Flowserve, Hopeman Brothers, Hobart Brothers, John Crane, Gates, Union Carbide, Velan Valve, Warren Pumps, William Powell, Yarway, McNally, and Unicoat Sales. Where summary judgment is granted in favor of defendants IMO, FMC, Dana, Foster Wheeler, and Crown, these defendants' names also shall be deleted from any future caption so the narrowed focus of this litigation commenced against twenty-nine (29) defendants, with ten (10) now remaining, is made clear on the docket.

15