IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GRAHAM YATES and BECKY YATES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> FORD MOTOR COMPANY and ) <br> HONEYWELL INTERNATIONAL INC. ) <br> (f/k/a ALLIED-SIGNAL, INC., ) <br> successor-in-interest to BENDIX CORP.) ) <br> ) <br> Defendants. ) <br> _____ ) | EDNC Case No.: 5:12 CV 00752-FL |

**DEFENDANT HONEYWELL INTERNATIONAL INC.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE ARTICLE ENTITLED "ASBESTOS EXPOSURE CAUSES MESOTHELIOMA, BUT NOT THIS ASBESTOS EXPOSURE: AN AMICUS BRIEF TO THE MICHIGAN SUPREME COURT" BY LAURA S. WELCH, *ET. AL.***

**I. INTRODUCTION**

Plaintiffs have listed in their exhibit list an article entitled "*Asbestos Exposure Causes Mesothelioma, But Not This Asbestos Exposure: An Amicus Brief to the Michigan Supreme Court*"("The Welch Article") by Laura S. Welch, *et. al,* attached hereto as Exhibit A. Honeywell anticipates that Plaintiffs, through their expert witnesses, will attempt to refer to or introduce into evidence the substance of the article. The article was originally conceived and drafted as an amicus brief filed on behalf of asbestos plaintiffs in a proceeding before the Supreme Court of Michigan. Of the more than fifty signatories to the original amicus brief, as well as the subsequently published article, many are expert witnesses appearing on behalf of plaintiffs in asbestos litigation. Moreover, the article was published in the International Journal of

Occupational and Environmental Health, a journal owned by Dr. David Egilman, a well known plaintiffs' expert.

The article is textbook hearsay which does not fall under any of the hearsay exceptions contained in the Federal Rules of Evidence. Further, the document cannot be admitted through expert testimony. Pursuant to Rule 703 of the Federal Rules of Evidence, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.  If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."

Plaintiffs should not be permitted to present the Welch article to the jury in any fashion.

## II.  ARGUMENT

The Welch article is by definition hearsay, i.e., "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Although the Federal Rules of Evidence except certain types of statements from exclusion by the hearsay rules despite their otherwise classic hearsay characteristics, the article is textbook hearsay to which no exception applies. Fed. R. Evid. 801, 803 and 804.  Here, it is assumed that Plaintiffs will attempt to argue that the article is a learned treatise excepted from hearsay restrictions under Federal Rule of Evidence 803(18). Fatal to this argument, however, is the fact that the "article" is nothing more than a virtually identical recitation of the amicus brief filed in the Supreme Court of Michigan.

Dr. Welch, the lead author, has testified to the genesis of the amicus brief and the published article. *See* Deposition of Laura Welch, M.D. in *Rogers v. Borg Warner*, in and for the Circuit Court of Duval County, Florida, taken on January 14, 2009, attached hereto as Exhibit B. Following the appeal by Daimler Chrysler to the Michigan Supreme Court in the *Chapin* case, *Chapin v. A&L Parts, Inc.*, 733 N.W.2d 29 (Mich. 2007), a Plaintiff's attorney routinely involved in asbestos litigation contacted Dr. Welch to enlist her services in preparing the Amicus Brief. *Id.* at 112.

As the title of the article makes clear, the article was intended not as a methodological or scientific study on the causes of mesothelioma, but as a legal brief to the Michigan Supreme Court. The Welch Article does not present a hypothesis, there is no designated scientific methodology applied to any analysis, there is no population under study, no variables tested, no statistical analysis, no reporting of any measure of risk, and no attempt at balance or objectivity. The article had but one purpose -- to persuade the Michigan Supreme Court to accept the authors' opinion that plaintiffs' experts should be permitted to testify that asbestos from automotive friction products can cause mesothelioma. The opening paragraph of the Welch article actually confirms Dr. Welch's legal purpose in writing the paper. Welch writes that the purpose of her article is to describe "the defendants' attempts to fabricate doubt" about the conclusion that asbestos from brakes can and does cause mesothelioma. *See* Exhibit A at 318. In fact, Dr. Welch has testified that in writing the Amicus Brief, she was engaging in a piece of advocacy, designed to support a particular point of view. *See* Exhibit B at 142-143. She also testified that "it was clearly supporting one side in a legal argument." *Id.* at 143.

Thus, the article is a piece of legal advocacy aimed to influence the outcome in a particular legal proceeding. It is a position paper and has none of the hallmarks of genuine

scientific and/or medical literature. At least one other court has addressed this specific issue of an article written with a view toward litigation. The Ohio Supreme Court, in a medical malpractice case, reversed a jury verdict because the trial court allowed cross-examination of the other party's expert witness with an editorial contained in a learned treatise written by a possibly biased author. *O'Brien v. Angley*, 63 Ohio St.2d. 159 (1980). Specifically, the Court noted: "[w]here the author publishes an article with a view toward litigation…a probability of bias exists which undermines the logic supporting the admission of this material in evidence as an exception to the rule against hearsay." *Id.* at 164. Quite simply, the article is not the type of published treatise, periodical, or pamphlet that is contemplated under Evid. R. 803(18).

In this instance, there is no scientific method adhered to in the article nor any scientific theory tested. It is simply legal argument designed to further a particular position and agenda. The article was written for the justices sitting on the Michigan Supreme Court, not for the professionals in the scientific community.

Further, there is no indication that the article was put through the peer-review process that is standard for materials submitted for publication in reputable scientific journals. Peer review asks scientists in the same field of study to critique and review an article prior to publication in order to ensure that the author's scientific methodologies are sound, that the article contributes to the scientific knowledge on a subject and that the article is worthy of publication. Dr. Welch admitted that she "presumed" the article was put through a standard peer review process, but would have to defer to the editor for the answer to the question. *See* Deposition of Laura Welch, MD, *In re: W.R. Grace & Co., et al.,* United States Bankruptcy Court for the District of Delaware, Case No. 01-1139, October 3, 2007, p. 163:9-18, attached hereto as Exhibit C. Dr. Welch also admitted that she did not receive any comments from peer-reviewers of her

article (assuming there were any) and did not receive any requests from the editor requesting changes prior to its inclusion in the journal. *Id.* at 165:15-19.

Moreover, one of the signatories to the article in question, Dr. Arthur Frank, a regular expert for asbestos plaintiffs, has acknowledged in prior testimony that he was aware of no peer review process for the Amicus Brief submitted to the Michigan Supreme Court, or the subsequent publication of the Amicus Brief as an article, and that both documents are merely opinion pieces, rather than an article reporting original research. *See* deposition of Arthur Frank M.D., in *Scott, et al. v. Georgia Pacific, et al.,* in the Circuit Court of Madison County, Illinois, January 10, 2008 at pages 114-120, attached hereto as Exhibit D.

The lack of peer review further highlights that the article is simply a legal brief presented in a different setting. *See e.g.*, *Baker v. Barnhart*, 457 F.3d 882, 891-892 (8th Cir. 2006) (trial court abused its discretion by taking judicial notice of an article as a learned treatise where there was no evidence that the article was trustworthy as an authoritative treatise; the Court noted that the article was only five pages long, was not published in a peer-reviewed journal, included only conclusory statements about the relevant topic and failed to include any "methodical discussion of the facts and principles" at issue).

Use of this article, or reference to it, during the examination of any expert witness, is nothing more than a bald attempt to bring in additional disclosed expert opinion through the "back door," with no opportunity for this defendant to confront the signatories about the basis of their testimony. The Plaintiffs hope that the reference to "numerous" experts expressing an opinion will influence the jury and tip the scales in Plaintiffs' favor, through the use of opinions of individuals not retained in this case, and who will never appear in this Court. In fact, Dr.

Welch will not even testify at the trial of this matter. Further, many signatories are paid plaintiffs' experts.[1]

Significantly, trial courts in similar cases have focused on the legal origins of the article and excluded it and/or the underlying amicus brief from trial. *See* Transcript of Motions Hearing, *William Ring v. Alfa Laval, Inc. et al,* Case No. 07-002752-00, Circuit Court of the City of Richmond, Virginia, July 26, 2008, p. 77:18-21; p. 80:11-12 (sustaining motion to exclude the Welch article and questioning how a legal brief "can ever be considered as scientific evidence") attached as Exhibit E.; Order of Court, January 25, 2008, *Naomi Adams v Pneumo Abex Corporation et al.,* Case No. 7870 of 2002, Court of Common Pleas, Westmoreland County, Pennsylvania, attached as Exhibit F;Order of Court, *Mannahan et al. v. Catepillar Inc., et al.,* Jefferson Circuit Court, Kentucky, March 10, 2014, attached as Exhibit G; Transcript of Hearing on Defendants' Motions in Limine in *Michael C. Kain and Debra A. Kain v. Acme Insulation, et al.*, Third Judicial Circuit Court (Wayne County) for the State of Michigan, Case No. 13-002773-NP at pp. 22-24 (finding the Amicus Brief/Article to be "nothing more than a legal brief that has been turned into an article. It certainly can't be considered reliable in terms of a scientific statement."), attached as Exhibit H; *DeGangi, et al. v. Pneumo Abex, LLC*, Case No. N11C-11-097, Superior Court of the State of Delaware, April 16, 2014 (sustaining motion to exclude the brief and article), attached as Exhibit I; Order on Motions in Limine at 11:7-9 in *Henry Barabin, et al. v. Albany International Corp., et al.*, No. C07-1454RSL (W.D. Wash Sept. 18, 2009) (stating that "…this brief is an advocacy piece intended to persuade the Michigan Supreme

---

[1] Among the signatories to these documents who have testified for plaintiffs in asbestos litigation are Drs. Welch, Anderson, Brody, Castleman, Christiani, Dement, Dodson, Frank, Infante, Leigh, Mark, and Oliver. Furthermore, although advertised as a "concerned scientists" Amicus Brief, some of the signatories are not even identified as physicians or scientists. *See, e.g.*, Rory O'Neill, who is identified as the editor of "Hazards" magazine of Sheffield, England; Bernardo Reyes, who is identified as the Director of the Institute for Political Ecology in Santiago, Chile; Fernanda Giannasi, who is identified as a Labour Inspector for the Brazilian Labour Inspectorate; and Robert Vojakovic, who is identified as the President of the Asbestos Diseases Society of Australia.

Court, not an independent, peer reviewed study."), attached as Exhibit J; Order excluding article authored by Dr. Laura S. Welch in *Diana Betz, et al. v. Pneumo Abex LLC, et al.*, Case No. 1058 WDA 2006 (Super Ct. of Pa., Feb. 22, 2008), attached as Exhibit K.

### III. CONCLUSION

The Welch Article is inadmissible hearsay and the accuracy of the material contained therein is uncertain and unreliable. Plaintiffs should not be permitted to confuse the jury by dressing up a legal brief as authoritative, scientific research based on the mere fact of its publication in a journal with a scientific title. Admission of the Welch Article would unduly prejudice Honeywell as it bears the markings of a publication in a scientific journal, making it likely that a jury would receive the article with undue deference and an aura of scientific reliability not commensurate with its actual content or purpose.

Accordingly, Honeywell respectfully asks this Court to enter an Order prohibiting all references to the article, including any references by Plaintiffs and/or their expert witnesses to the purported facts, conclusions or opinions contained therein.

Respectfully submitted,

/S/ H. Lee Davis, Jr.
H. Lee Davis, Jr.
NC State Bar No: 7683
*Attorney for Defendant*
*Honeywell International Inc.*

DAVIS & HAMRICK, LLP
635 West Fourth Street
PO Box 20039
Winston-Salem, NC  27120-0039
Telephone: 336 725-8385, ext 107
Facsimile: 336 723-8838
E-mail: ldavis@davisandhamrick.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on March 31, 2015, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION IN *LIMINE* TO EXCLUDE THE ARTICLE ENTITLED "ASBESTOS EXPOSURE CAUSES MESOTHELIOMA, BUT NOT THIS ASBESTOS EXPOSURE: AN AMICUS BRIEF TO THE MICHIGAN SUPREME COURT"BY LAURA S. WELCH, *ET. AL.*** on behalf of Honeywell International Inc. with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ H. Lee Davis, Jr.
H. Lee Davis, Jr.
NC State Bar No: 7683
Jason L. Walters
NC State Bar No: 38575
DAVIS & HAMRICK, LLP
635 West Fourth Street
PO Box 20039
Winston-Salem, NC  27120-0039
Telephone: 336 725-8385, ext 107
Facsimile: 336 723-8838
E-mail: ldavis@davisandhamrick.com

*Attorneys for Defendant*
*Honeywell International Inc.*