IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM YATES and<br>BECKY YATES, spouse, | )<br>)<br>) | EDNC File No.5:12-cv-00752-FL |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| FORD MOTOR COMPANY, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE BANKRUPTCY CLAIM FORMS**

Plaintiffs Graham Yates and Becky Yates file this Memorandum in Support of Plaintiffs' Motion in Limine to Exclude Bankruptcy Claim Forms and would respectfully show the Court that the motion should be granted.

**FACTUAL BACKGROUND**

Plaintiff filed three bankruptcy claims in this case against Babcock & Wilcox, Halliburton, and General Motors Corporation. *See* **Exhibit 1,** Babcock & Wilcox bankruptcy claim form; **Exhibit 2,** DII Industries-Halliburton bankruptcy claim form; **Exhibit 3,** MLC-General Motors Corporation bankruptcy claim form. These claims were filed based on the list of equipment on the *USS Clarence Bronson* and on Mr. Yates deposition testimony concerning his inventory of the ship, as well as health records for Mr. Yates. *See, e.g.,* **Exhibit 4,** Yates Deposition testimony filed with Babcock & Wilcox bankruptcy claim form; **Exhibit 5,** Equipment List filed with Babcock & Wilcox bankruptcy claim form.

## ARGUMENT AND AUTHORITIES

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Admission of the bankruptcy claim forms risk unfair prejudice and the needless presentation of cumulative evidence.

### I.     The Bankruptcy Claim Forms Are Cumulative Evidence.

The bankruptcy claim forms are cumulative of the evidence used to support the claims: the deposition testimony and equipment list from the *USS Clarence Branson*. For example, according to the Babcock & Wilcox claim form, Mr. Yates was exposed to asbestos when:

> Mr. Yates served as a seaman in the U.S. Navy aboard the USS Clarence K. Bronson during it's decommissioning at the Orange Naval Station in Orange, Texas. During this time, he took inventory control below deck while boilertenders were maintaining and readying the ship's boilers for future use.

*See* **Exhibit 1** at ¶ 6. According to the deposition testimony that supports the claim, Mr. Yates took inventory control during the decommissioning of *USS Clarence Branson*:

> Q:     And can you please explain to the ladies and gentlemen of the jury what you mean by decommissioning of a ship?
>
> A:     The ship was taken basically apart and refurbished to make it -- and prepared, preserved, to make it ready in case it needed to be recommissioned so it could be done in the shortest amount of time. Everything was torn out just basically down to the shell and then the mortars and the equipment were readied in case it needed to be recommissioned.
>
> Q:     And what were your job duties during this decommissioning process on the USS Bronson?
>
> A:     Mine was in inventory control.
>
> Q:     And can you explain to me what you would do maybe an average day in inventory control on the USS Bronson?

2

> A: Well, each morning we were given a list and everything on that list had to be accounted for and checked off and initialed and we would be all over the ship. It may be a water pump in an engine room or it could have been a gun on the upper deck or it could have been something in the galley. But we were on the ship every day, five days a week all over the place. We would have to go down and -- for instance, in the engine room, it may be a water pump and you would have to identify that by the serial number on there. It was a little tag. And then confirm that that was there and it was correct and check it off.

**Exhibit 4,** Videotaped Deposition of Graham Yates, February 13, 2015 at 34:11-35:15.

He was around boilers and other equipment during the decommissioning of the *USS Clarence Branson*:

> Q: And I know you mentioned several of the trades that you saw performing work down there. Would you ever have the opportunity to see boiler tenders performing work?
>
> A: Yes.

*Id.* at 36:23-37:2.

> Q: And can you just give me a general idea of the types of materials that were on your inventory list that were down in the engineering spaces?
>
> THE DEFENDANTS: Object to form.
>
> A: Pumps, motors, electric motors, tools. Gosh, any number of things. As I say, water pump, air pumps. The boilers had numbers on them as well but obviously they weren't going anywhere. They were so big. But we still have to inventory them.

*Id.* at 37:13-22. The equipment list identifies multiple boilers manufactured by Babcock & Wilcox present on the *USS Clarence Branson. See* **Exhibit 5**.

The statement from the bankruptcy claim form adds nothing to the deposition and documentary evidence of Mr. Yates's work on the *USS Clarence Branson* and is entirely cumulative of that evidence. The same is true for the Halliburton and General Motors Corporation claim forms. *See* **Exhibit 6,** Yates Deposition testimony filed with DII Industries-

3

Halliburton bankruptcy claim form; **Exhibit 7,** Equipment List filed with DII Industries-Halliburton bankruptcy claim form; **Exhibit 8,** Yates Deposition testimony filed with General Motors Corporation bankruptcy claim form; **Exhibit 9,** Equipment List filed with General Motors Corporation bankruptcy claim form. Thus, the bankruptcy claim forms should be excluded under FED. R. EVID. 403 as cumulative.

**II.     In the Alternative, the Bankruptcy Claim Forms Should Have Prejudicial Material Redacted from Them.**

The fact that these are bankruptcy claim forms is not probative. It is, however, highly prejudicial. If these documents are admitted, any reference to bankruptcy, bankruptcy trusts or bankruptcy claims should be redacted from the documents. These words are inflammatory because jurors may have seen statements on television that refer to millions in bankruptcy trusts. They may associate Plaintiffs with bankrupting companies. There are a number of associations that could go along with these words, and the bulk of them are unfairly prejudicial to Plaintiffs. The "district court should, when possible, eliminate inflammatory language." *United States v. Mohr*, 318 F.3d 613, 621 (4th Cir. 2003). That can easily be done in this case by redacting references to bankruptcy, bankruptcy trusts and bankruptcy claims.

**CONCLUSION**

For these reasons, Plaintiffs ask this Court to exclude the bankruptcy claim forms as cumulative. In the alternative, Plaintiffs ask that the Court redact any reference to bankruptcy, bankruptcy trusts or bankruptcy claims before the documents are shown to the jury. Plaintiffs further request all other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Jeffrey B. Simon

4

Texas Bar No. 00788420
Attorney for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-687-3248
kpaul@sgpblaw.com
jsimon@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC  27401
336-333-2244
jwblack@wardblacklaw.com
*Local Civil Rule 83.1 Counsel*

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE BANKRUPTCY CLAIM FORMS with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Kevin W. Paul*
Kevin W. Paul