IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM YATES and BECKY YATES, spouse, | ) ) ) | EDNC File No.5:12-cv-00752-FL |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FORD MOTOR COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
IN LIMINE TO EXCLUDE EVIDENCE OF SMOKING**

Plaintiffs Graham Yates and Becky Yates file this Memorandum in Support of Plaintiffs' Motion in Limine to Exclude Evidence of Smoking and would respectfully show the Court that the motion should be granted.

**FACTUAL BACKGROUND**

According to his medical records, Mr. Yates smoked as a young man, but he stopped smoking in 1959 and has not smoked in more than 55 years. *See, e.g.,* **Exhibit 1,** Duke Medicine, Report of Feb. 6, 2014 visit. In his deposition, Mr. Yates testified that he did not know why this note was in his records because he has never been a smoker:

> Q: There was a note in your medicals that said you were a former smoker, that you last smoked in '59. Do you know what that's about?
>
> A: I don't know what it's about. When I was on the Ingram, one time we went out and bought C-stores. And I tried one and thought I was going to die, so that was it.

**Exhibit 2,** Discovery Deposition of Graham Yates, Feb. 13, 2015, at 189:20-190:1. Whether or not Mr. Yates was ever a smoker, "[s]moking has no influence on the risk of mesothelioma." **Exhibit 3,** Holstein Report at 27.

## ARGUMENT AND AUTHORITIES

Any reference to smoking is irrelevant and unduly prejudicial. Relevant evidence is evidence that "has any tendency to make a fact more probable or less probable than it would be without the evidence" when "the fact is of consequence in determining the action." FED. R. EVID. 401. Irrelevant evidence is inadmissible. FED. R. EVID. 402. Even assuming that Mr. Yates is a former smoker who last smoked 55 years ago, that evidence would be irrelevant because it is widely accepted that smoking is irrelevant to the risk of mesothelioma: "While smoking contributes significantly to the risk of lung cancer, it does not bear on the risk of mesothelioma." *Norfolk & Western Ry. v. Ayers,* 538 U.S. 135, 142 n.4, 123 S. Ct. 1210, 1215 n.4, 155 L. Ed. 2d 261, 272 n.4 (2003). Because the testimony is irrelevant, it should be excluded.

Any supposed smoking history is also unfairly prejudicial. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "A district court has 'broad discretion to determine matters of relevance'" and the appellate court reviews "a district court's decision to exclude evidence under FED. R. EVID. 403 only 'for an abuse of discretion that affected the substantial rights of a party.'" *Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997). To the extent this evidence has any probative value, that value is substantially outweighed by the risk of unfair prejudice. Smoking is a

2

lightening bolt issue for which jurors might be tempted to blame Mr. Yates, even though his smoking history, if there is one, is remote and unrelated to his mesothelioma.

## CONCLUSION

Therefore, Plaintiffs respectfully ask the Court to exclude any evidence of Mr. Yates's smoking history. Plaintiffs further request all other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Jeffrey B. Simon
Texas Bar No. 00788420
Attorney for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-687-3248
kpaul@sgpblaw.com
jsimon@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com
*Local Civil Rule 83.1 Counsel*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SMOKING with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Kevin W. Paul*
Kevin W. Paul