IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM YATES and | ) | EDNC File No.5:12-cv-00752-FL |
| BECKY YATES, spouse, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
IN LIMINE TO EXCLUDE VA COMPENSATION PACKET**

Plaintiffs Graham Yates and Becky Yates file this Memorandum in Support of their Motion in Limine to Exclude VA Compensation Packet and would respectfully show the Court that the motion should be granted.

**INTRODUCTION**

In a letter dated July 26, 2013, the Defendant of Veterans Affairs ("VA") informed Mr. Yates that he would receive service-related compensation for mesothelioma. *See* **Exhibit 1,** Letter to Graham Yates from E.J. McQuade, July 26, 2013. This letter was accompanied by Rating Decision from the VA. *See* **Exhibit 2,** Decision, July 22, 2013 (collectively "Compensation Packet"). Plaintiffs move to exclude the Compensation Packet, including all communications from the VA, and any reference to its existence because it is irrelevant and its admission would be far more prejudicial than probative. In the alternative, Plaintiff asks that, before the documents are shown to the jury, any reference to compensation amounts be redacted from the documents.

## ARGUMENTS AND AUTHORITIES

**II.     The Documents Should be Excluded as Irrelevant.**

Relevant evidence is evidence that "has any tendency to make a fact more probable or less probable than it would be without the evidence" when "the fact is of consequence in determining the action." FED. R. EVID. 401. Irrelevant evidence is inadmissible. FED. R. EVID. 402.

The VA letter states that Mr. Yates's mesothelioma was related to his military service. *See* **Exhibit 1** at 2. However, the Rating Decision also makes clear that this decision is based on a presumption:

> ***Service connection may be granted for specific diseases of conditions which are presumed to have been caused*** *if manifested to a compensable degree following military discharge. Although not shown in service,* ***service connection for mesothelioma has been granted on the basis of presumption.***

*See* **Exhibit 2** at 2. This case is not about presumptions, but about facts.

In applying North Carolina law, the Fourth Circuit Court of Appeals has employed the *Lohrmann* exposure standard in requiring that a plaintiff present "'evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" *Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 716 (4th Cir. 1995) (quoting *Lohrmann v. Pittsburgh-Corning Corp.*, 782 F.2d 1156, 1162-63 (4th Cir. 1986)). The VA did not find that Mr. Yates's mesothelioma was caused by exposure to asbestos in the military as legal causation is used in the courts. A decision based on a presumption is no evidence at all.

Defendant may want to use these document to persuade the jury that Mr. Yates's exposure to asbestos in the military caused his mesothelioma. However, it is impossible to equate this determination with a finding of causation. The VA Compensation Packet can prove nothing,

except that Mr. Yates's application met the VA's standards for applying a presumption that his mesothelioma was service related. But that it not a "fact … of consequence in determining this action." FED. R. EVID. 401. Thus, the finding from the VA has no "tendency to make a fact more probable or less probable than it would be without the evidence" and is irrelevant. *Id.*

### III. The Documents Should Be Excluded as Misleading and Unduly Prejudicial.

Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "A district court has 'broad discretion to determine matters of relevance'" and the appellate court reviews "a district court's decision to exclude evidence under FED. R. EVID. 403 only 'for an abuse of discretion that affected the substantial rights of a party.'" *Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997).

Again, the Compensation Packet bases its determination of "service connection" on a presumption: because Mr. Yates served in the military and his mesothelioma manifested after his discharge, his disease is presumed to be service related. *See* **Exhibit 2** at 2. The fact that the VA determination is based on a presumption that Mr. Yates's mesothelioma is service related makes its finding of extremely little, if any, probative value.

And yet, because it is a determination by a federal agency, it is likely that the jury would give undue weight to the findings in the VA Compensation Packet. *See Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) ("A strong argument can be made that a jury would attach undue weight to this type of agency determination."); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994) (upholding exclusion of EEOC letter of violation because of high risk of substantial prejudice).

The jury would be confused and misled by the Compensation Packet. They might very well equate the service connection finding with a determination that Mr. Yates's mesothelioma was caused by exposure to asbestos in the Navy rather than his exposure to asbestos from brake products. Equating the two inquiries would be absolutely unfounded, and the risk that the jury would do so is precisely what would make the admission of the VA Compenssation packet unfairly prejudicial—particularly in light of its extremely limited relevance.

In addition, the VA Letter and Rating Decision report that Mr. Yates's mesothelioma is evaluated at 100 percent. *See* **Exhibit 1** at 2; **Exhibit 2** at 1. The VA Rating Decision explains that this is the percent disability: "[a]n evaluation of 100 percent is assigned during active malignancy or antineoplastic therapy. Six months following completion of treatment, residual disability is determined…." *See* **Exhibit 2** at 2. However, the evaluation of 100 percent could easily be misunderstood to mean 100 percent of the responsibility for his mesothelioma is attributed to the Navy, a very misleading, inaccurate, and prejudicial conclusion. In light of its extremely limited relevance—if, indeed, it has any at all—the Compensation Packet should be excluded as unfairly prejudicial.

### IV. Even if the Documents Are Admitted Over Plaintiffs' Objections, the Amount of Compensation Should Be Redacted.

The amount of compensation that Mr. Yates has received or will receive from the VA is not admissible under the collateral source rule. "This rule provides that 'evidence of a plaintiff's receipt of benefits for his or her injury or disability from sources collateral to defendant generally is not admissible.'" *Badgett v. Davis,* 104 N.C. App. 760, 763, 411 S.E.2d 200, 202 (1991). This information would be prejudicial to Plaintiffs' damages case and must be excluded from evidence. "Exclusion of prejudicial evidence is the foundation of the collateral source rule." *Id.* (finding that admission of unredacted hospital ledger that showed Medicare payments was

4

violation of collateral source rule and required retrial on damages); *Cates v. Wilson,* 321 N.C. 1, 6, 361 S.E.2d 734, 737 (1987) (holding violation of collateral source rule by admission of Medicaid payments required new trial).[1] *See also Sloas v. CSX Transp., Inc.,* 616 F.3d 380, 392 (4th Cir. 2010) (Railroad Retirement Act disability benefits were collateral source).

## CONCLUSION

Therefore, Plaintiffs respectfully ask the Court to exclude the VA Compensation Packet. The documents are irrelevant, and their admission would be far more prejudicial than probative. In the event the documents are shown to the jury, Plaintiffs ask that the compensation Mr. Yates received be redacted from the documents first. Plaintiffs further request all other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Jeffrey B. Simon
Texas Bar No. 00788420
Attorney for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-687-3248
kpaul@sgpblaw.com
jsimon@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC  27401

---

[1] The Rule has been abrogated by the North Carolina Rules of Evidence with respect to evidence of past medical expenses. *See* N.C. Gen. Stat. § 8C-1, Rule 414. That change is not relevant to the issue of admissibility of the VA compensation in this case.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE VA COMPENSATION PACKET with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Kevin W. Paul*
Kevin W. Paul