# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| GRAHAM YATES and BECKY YATES, spouse, ) ) ) Plaintiffs, ) ) v. ) ) FORD MOTOR COMPANY, et al., ) ) ) Defendants. ) | EDNC File No.5:12-cv-00752-FL |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE WORKERS' COMPENSATION CLAIM

Plaintiffs Graham Yates and Becky Yates file this Memorandum in Support of their Motion in Limine to Exclude Workers' Compensation Claim and would respectfully show the Court that the motion should be granted.

### FACTUAL BACKGROUND

On June 5, 2013, Mr. Yates initiated a workers' compensation claim related to his asbestos exposure and resulting mesothelioma. **Exhibit 1,** Form 18B submission. There has been no resolution of that claim. Mr. Yates has received no compensation.

### ARGUMENT AND AUTHORITIES

The workers' compensation claim has not been resolved, so any testimony about the results of that claim would be pure speculation. "[M]ere speculation… is not competent evidence…." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 422 (4th Cir. 1996). And Defendants should not be permitted to speculate on the outcome of Plaintiffs' workers' compensation claim.

In addition, any compensation that Mr. Yates were to receive from his workers' compensation claim would not be admissible under the collateral source rule. "This rule provides that 'evidence of a plaintiff's receipt of benefits for his or her injury or disability from sources collateral to defendant generally is not admissible.'" *Badgett v. Davis,* 104 N.C. App. 760, 763, 411 S.E.2d 200, 202 (1991). This information would be prejudicial to Plaintiffs' damages case and must be excluded from evidence. "Exclusion of prejudicial evidence is the foundation of the collateral source rule." *Id.* (finding that admission of unredacted hospital ledger that showed Medicare payments was violation of collateral source rule and required retrial on damages); *Cates v. Wilson,* 321 N.C. 1, 6, 361 S.E.2d 734, 737 (1987) (holding violation of collateral source rule by admission of Medicaid payments required new trial).[1] *See also Sloas v. CSX Transp., Inc.,* 616 F.3d 380, 392 (4th Cir. 2010) (Railroad Retirement Act disability benefits were collateral source).

## CONCLUSION

Therefore, Plaintiffs respectfully ask the Court to exclude all evidence of Mr. Yates's workers' compensation claim from the trial of this case. Plaintiffs further request all other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Jeffrey B. Simon
Texas Bar No. 00788420
Attorney for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204

---

[1] The Rule has been abrogated by the North Carolina Rules of Evidence with respect to evidence of past medical expenses. *See* N.C. Gen. Stat. § 8C-1, Rule 414. That change is not relevant to the issue of admissibility of the workers' compensation claim in this case.

214-687-3248
kpaul@sgpblaw.com
jsimon@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com
*Local Civil Rule 83.1 Counsel*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE WORKERS' COMPENSATION CLAIM with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Kevin W. Paul*
Kevin W. Paul