IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM YATES and<br>BECKY YATES, spouse, | )<br>)<br>) | EDNC File No.5:12-cv-00752-FL |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| FORD MOTOR COMPANY, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE ADMISSION AND/OR TESTIMONY REGARDING "ANECDOTAL EVIDENCE," CASE REPORTS AND THE AUSTALIAN REGISTRY**

Plaintiffs oppose the motions in limine filed by Defendants concerning the admissibility of case reports and the Australian Registry, specifically:

- Defendant Honeywell International Inc.'s Motion in Limine to Exclude Case Reports, Compilations of Case Reports and Opinion Testimony Based on Case Reports (Doc. 254);

- Ford's Motion in Limine to Exclude Evidence Related to the Australian Mesothelioma Registry (Doc. 276);

- Ford's Motion in Limine to Exclude Anecdotal Evidence of Disease (Doc. 279).

Plaintiffs would respectfully show the Court that the motions should be denied.

**I. Admissibility of the Australian Registry**

Defendant moves to exclude references to the Australian Registry but glosses over the fact that those references are contained in peer-reviewed articles. Leigh, et al., *Malignant Mesothelioma in Australia, 1945-2000*, Am. J. Indus. Med. 41:188-201 (2002); Yeung, Rogers, et al., *Distribution of Mesothelioma Cases in Different*

1
Case 5:12-cv-00752-FL   Document 318   Filed 04/07/15   Page 1 of 8

*Occupational Groups and Industries in Australia, 1979-1995*, Applied Occ. and Enviro. Hygiene 14(11):759-767 (1999); Yeung, Rogers, et al., *An Occupation-Industry Matrix Analysis of Mesothelioma Cases in Australia 1980-1985*, Applied Occ. Hygiene 16(1):40-44 (2001).

These materials are reliable and are part of the body of materials on which Plaintiffs' experts have based their opinions in this case. Likewise, such evidence may also be mentioned in providing the foundation for Plaintiffs' experts' conclusions about causation. Rule 703 provides that experts may base their opinions on matters that may not be independently admissible. FED. R. EVID. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.").

Finally, Defendants have provided nothing other than conclusory statements that such evidence would cause undue prejudice and confusion. Such statements are not enough to justify exclusion under Rule 403.

**II.     Case reports are admissible to show causation.**

Ford ignores that case reports are only one of several types of scientific evidence relied on by Plaintiffs' causation experts in this case. None of Plaintiff's experts have reached their causation opinions on the basis of case reports alone. The substantial body of epidemiological evidence and other scientific data supporting the conclusion that exposure to asbestos causes mesothelioma is detailed in the Report Dr. Eugene Mark and his deposition. Recently a group of 52 experts in asbestos-related disease conducted a survey of all the scientific literature linking asbestos exposure to mesothelioma, and concluded on the basis of that literature that, "the consensus of the scientific community

is that any occupational or para-occupational exposure to asbestos - even 'brief or low-level exposures' - must be considered causal in an individual with a mesothelioma." Welch, *Asbestos Exposure Causes Mesothelioma, But Not **This** Asbestos Exposure: An Amicus Brief to the Michigan Supreme Court*, Int J Occup Environ Health 13:318-327, 321 (2007) (**Ex. 1**). Because of this scientific consensus, case reports are in fact highly probative of causation in the context of malignant mesothelioma, which is a signal tumor for asbestos exposure.

It is perfectly valid for an expert to rely on case reports, along with other scientific information, in reaching opinions about causation. *See Smith v. Wyeth-Ayerst Labs. Co.*, 278 F. Supp. 2d 684, 695 (W.D.N.C. 2003) (concluding case reports may be considered in conjunction with the epidemiological data). Courts in other jurisdictions have held the same. *See, e.g., Rider v. Sandoz Pharm. Corp.*, 295 F.3d 1194, 1199 (11th Cir. 2002); *Giles v. Wyeth, Inc.*, 500 F. Supp. 2d 1048, 1059 (S.D. Ill. 2007). As the United States District Court for the Southern District of New York recently, recognized:

> It is well-settled that an expert on medical causation need not always base his opinion on epidemiological studies. *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043-44 (2d Cir. 1995); *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378 (4th Cir. 1995); *Kennedy v. Collagen Corp.*, 161 F.3d 1226 (9th Cir. 1998); *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 882 (10th Cir. 2005). Such a requirement would "doom from the outset all cases in which the state of research on the specific ailment or on the alleged causal agent was in its early stages." *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d Cir. 1999). It also would be inconsistent with *Daubert* because it would "effectively resurrect a *Frye*-like bright-line standard, not by requiring that a methodology be 'generally accepted,' but by excluding expert testimony not backed by published (and presumably peer-reviewed) studies." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (quoting *Heller*, 167 F.3d at 155).

*In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 176-77 (S.D.N.Y. 2009); *see also In re Phenylpropanolamine Prods. Liab. Litig.*, 289 F. Supp. 2d 1230, 1242 (W.D.

Wash. 2003) ("Non-epidemiological sources are frequently utilized by experts in rendering scientific opinions and, under *Daubert*, should be considered by the court in assessing the reliability of those opinions."); *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1124-25 (9th Cir. 1994) (upholding trial court's admission of expert testimony based on, inter alia, clinical experience and studies, medical literature, and general scientific knowledge about drug's properties established by animal studies and biophysical data); *Rider v. Sandoz Pharm. Corp*., 295 F.3d 1194, 1202 (11th Cir. 2002) (stating in dicta that reliable evidence on causality includes, inter alia, "a very large number of case reports.").

In asbestos cases, there are many types of scientific evidence, including epidemiologic studies and case reports, which establish causation. Plaintiffs are entitled to submit direct evidence, not just epidemiological studies, that asbestos dust is the sole causative agent which leads to the "signature disease" of mesothelioma. Plaintiffs will submit expert testimony establishing that a signature disease is one for which the causative agent has been identified, and without exposure to which the disease does not occur, with very rare exceptions. In other words, proof of any significant exposure to asbestos dust is proof of specific causation because inhalation of asbestos dust is so strongly associated with the disease. *See* Boffetta, *Health Effects of Asbestos Exposure in Humans: A Quantitative Assessment*, Med Lav 89(6):471-480 (1998) (**Ex. 2**) ("Because of the rarity of the disease and the specificity of the causal association, all cases occurring among asbestos exposed workers are attributed to this exposure."). Indeed, the causal relationship between exposure to asbestos dust and the development of mesothelioma is so firmly established in the scientific literature that it is accepted as a scientific "fact."

This is so because mesothelioma is a signature malignancy for asbestos exposure. As noted epidemiologist Harvey Checkoway explains:

> Certain conditions, known as "sentinel" health events, are so closely associated with occupational exposures that the occurrence of any cases serves as an indication of an occupational hazard (Rutstein et al., 1983). Malignant mesothelioma (which is nearly always attributable to asbestos exposure), silicosis, and adult lead poisoning, fit this description.

Checkoway, et al., RESEARCH METHODS IN OCCUPATIONAL EPIDEMIOLOGY 248 (2d ed. 2004) (**Ex. 3**). Indeed, the relationship between mesothelioma and asbestos exposure has been so firmly established, the Federal Reference Manual on Scientific Evidence suggests that experts should not be allowed to opine that an exposure to asbestos is not capable of causing mesothelioma:

> [T]he issue-narrowing process may disclose that areas otherwise appropriate for expert testimony are not disputed or not disputable, such as whether exposure to asbestos is capable of causing lung cancer and mesothelioma (i.e., general causation). Expert evidence should not be permitted on issues that are not disputed or not disputable.

Reference Manual at 47-48 (**Ex. 4**).

Accordingly, when examining the question of causation of sentinel diseases like mesothelioma, the scientific community recognizes that case reports and case series reports are useful and valid tools and can be sufficient by themselves to allow reliable conclusions to be drawn regarding causation. *See Welch, supra,* at 320 (Ex. 1). As Dr. Checkoway explains:

> Case series reports are particularly informative in situations where there are identified occurrences of very rare conditions for which there are few, if any, established causal factors . . . In fact, recognition of even a small number of cases of the "sentinel" diseases—such as liver angiosarcoma and malignant mesothelioma, which is strongly related to asbestos exposure (Russi and Cone, 1994) – can sometimes be invoked as prima facie evidence of exposure to the putative causal agent . . . .

> Case series reports can be virtually conclusive in their own right when the health outcome is a very rare disease or an uncommon manifestation of a relatively common condition.

Checkoway, *supra*, at 60, 78. In fact, the worldwide acceptance of mesothelioma as an asbestos-related cancer began with a case series published by Wagner in 1960. *See* Wagner et al., *Diffuse Pleural Mesothelioma and Asbestos Exposure in the North Western Cape Province*, Brit. J. Ind. Med. 17:260-271 (1960).

## II.   Case reports are relevant to notice.

Although ignored by Ford's motion, case reports are also relevant to show notice of the hazards of asbestos to Ford and other defendants. Manufacturers are held to the knowledge of an expert. *See Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076, 1081 (5th Cir. 1973); *Mack v. Stryker Corp.*, 748 F.3d 845, 847 (8th Cir. 2014) ("Manufacturers are held to the skill of an expert in the field that their products enter, and they are obligated to keep informed of medical knowledge and discoveries in that field."). Therefore, just as scientific and medical experts may rely on case reports in formulating their opinions, manufacturers must also give appropriate weight to reports of disease associated with their products. Case reports are relevant and admissible for this additional reason.

## III.   Case reports are not unfairly prejudicial.

Case reports and compilations of case reports are not unfairly prejudicial under federal law. Rather, it appears that defendants are confusing "unfairly prejudicial" with damaging. They are not the same. Simply because evidence is damaging to defendants does not mean it is inadmissible. "Unfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the

evidence." *United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 404.21[3][b] (Joseph M. McLaughlin, ed., 2d ed. 2002)). Instead, Rule 403 only requires the exclusion of evidence "that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice 'substantially outweighs the probative value of the evidence.'" *Id.*

Evidence is only unfairly prejudicial when the prejudice outweighs the probative value. *Id.* Applying these standards here, evidence relating to case reports and compilations of case reports is not inadmissible. There is nothing unfair about admitting case reports in this case. The evidence is relevant to the issues of both causation and notice. Under federal law, such evidence is admissible. The fact that the evidence is also damaging to defendants does not alter its admissibility. Defendants have failed to show that the prejudice associated with the admission of such evidence is sufficient to warrant exclusion.

Likewise, Defendants' argument that evidence relating to case reports would somehow mislead or confuse the jury is nonsense. There is no evidence (and defendants have submitted none) showing that evidence related to case reports would result in confusion. The opposite is true. As Plaintiff's experts will testify, case reports are strikingly simple and provide straight-forward and uncomplicated information that is readily understood.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motions and for such other relief to which they may be justly entitled.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Jeffrey B. Simon
Texas Bar No. 00788420
Attorneys for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-687-3248
kpaul@sgpblaw.com
jsimon@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC  27401
336-333-2244
jwblack@wardblacklaw.com
*Local Civil Rule 83.1 Counsel*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE ADMISSION AND/OR TESTIMONY REGARDING "ANECDOTAL EVIDENCE," CASE REPORTS AND THE AUSTALIAN REGISTRY with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Kevin W. Paul*
Kevin W. Paul