IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM YATES and<br>BECKY YATES, spouse, | )<br>)<br>) | EDNC File No.5:12-cv-00752-FL |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| FORD MOTOR COMPANY, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
HONEYWELL INTERNATIONAL INC.'S MOTION IN LIMINE
TO EXCLUDE DOCUMENTS OF THE FRICTION MATERIAL STANDARDS
INSTITUTE AND ASBESTOS TEXTILE INSTITUTE**

Plaintiffs Graham Yates and Becky Yates file this Response in Opposition to Defendant Honeywell International Inc.'s Motion in Limine to Exclude Documents of the Friction Material Standards Institute and the Asbestos Textile Institute (Doc. 255) and would respectfully show the Court that the motion should be denied.

**INTRODUCTION**

Defendant Honeywell International Inc. filed a motion *in limine* seeking to exclude records of the Friction Materials Standards Institute or FMSI and the Asbestos Textile Institute or ATI. According to Defendant the evidence relating to FMSI and ATI is unauthenticated, irrelevant, and inadmissible hearsay. Defendants are incorrect.

First, to be clear, the evidence which Defendant seeks to exclude is both relevant and admissible. Evidence of membership in FMSI or ATI (and access to the publications they produced) is relevant to show what *knowable* to the defendants at the time they were members, as well as what was *knowable* with regard to the publications FMSI published to its members. As for their exclusion, Defendant has not shown that they are

1

inadmissible. Rather, defendants conclude these documents are "inadmissible" simply because they are prejudicial *to them*. Simply because evidence is damaging to defendants does not mean it is inadmissible. Damaging is not synonymous with prejudicial. "Unfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." *United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 404.21[3][b] (Joseph M. McLaughlin, ed., 2d ed. 2002)). Instead, Rule 403 only requires the exclusion of evidence "that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice 'substantially outweighs the probative value of the evidence.'" *Id.*

As explained, documents relating to the FMSI and the ATI are relevant and admissible. Plaintiffs therefore request this court to deny defendants' motion in limine seeking to exclude records relating to the Friction Materials Standards Institute.

**LEGAL ARGUMENT**

**I.     Documents Relating to Defendants' Membership in the Friction Materials Standards Institute ("FMSI") or the Asbestos Textile Institute ("ATI") Are Relevant And Admissible.**

The evidence which defendants seek to preclude is admissible. Specifically, a defendants' membership in trade organizations which publish data concerning the safety of the defendants' products is relevant to a products liability action in which the defendants actual or constructive knowledge of the hazard is an element under a "failure to warn" theory. *See, e.g., Dunn v. Hovic*, 1 F.3d 1362, 1369-70 (3d Cir. 1993) (holding minutes of Asbestos Textile Institute relevant on what defendants should have known regardless of defendants' membership); *George v. Celotex Corp.*, 914 F.2d 26, 29 (2d Cir.

2

1990) (same); *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 465 (5th Cir. 1985), *cert. denied,* 504 U.S. 955, 112 S. Ct. 2301, 119 L. Ed. 2d 224 (1992) (same). Manufacturers are held to the knowledge of an expert. *See Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076, 1081 (5th Cir. 1973); *Mack v. Stryker Corp.*, 748 F.3d 845, 847 (8th Cir. 2014) ("Manufacturers are held to the skill of an expert in the field that their products enter, and they are obligated to keep informed of medical knowledge and discoveries in that field."). Likewise, a manufacturer is liable when it knows or should have known of an unreasonably dangerous condition and fails to warn. N.C. Gen. Stat. § 99B-5(a). Here, FMSI and/or ATI documents are relevant to show what was *knowable* to the defendants. Contrary to defendants' assertion, the evidence is relevant regardless of evidence of a conspiracy.

## II. FMSI Documents Are Not Unduly Prejudicial.

FMSI documents are not unduly prejudicial under FED. R. EVID. 403. Rather, it appears that defendants are confusing "unduly prejudicial" with damaging. They are not the same. Simply because evidence is damaging to defendants does not mean it is inadmissible. "Unfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." *United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 404.21[3][b] (Joseph M. McLaughlin, ed., 2d ed. 2002)). Instead, Rule 403 only requires the exclusion of evidence "that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice 'substantially outweighs the probative value of the evidence.'" *Id.*

3

These circumstances are not present here. The focus is on the existence of prior, asbestos-related injuries from asbestos exposure (i.e. reports and articles) published by FMSI and ATI on the toxicology of asbestos. The exactness of the injury (i.e. mesothelioma versus asbestosis) is secondary. The primary focus is on the notice to defendants stemming from the toxicity of asbestos and the incurrence of an asbestos-related injury from asbestos exposure and the publication of that information by FMSI and ATI. Such evidence is admissible. The fact that the evidence is also damaging to defendants does not alter its admissibility.

Moreover, courts interpreting Rule 403 employ a sliding scale: where the probative value of evidence is great, the danger of prejudice must be very substantial before the court in its discretion may exclude the evidence. *See Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012) ("We employ a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice."); *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002) ("when evidence is highly probative, even a large risk of unfair prejudice may be tolerable"). Applying these standards here, evidence relating to FMSI is not rendered inadmissible by virtue of Rule 403. The evidence is relevant to the issues of notice and knowledge and relates to the claims at issue in this litigation. Defendants have failed to show that the prejudice associated with the admission of such evidence is sufficient to be excluded under Rule 403, particularly given the probative nature of the evidence and the sliding scale utilized under Rule 403.

Likewise, Defendant's argument that evidence relating to FMSI or ATI would somehow "mislead" or "confuse" the jury is nonsense. Plaintiffs intend to submit only a fraction of the FMSI documents in an effort to further prove their case. FMSI and ATI

4

documents (as well as a host of others) are representative of what was known and knowable to the defendants. There is no evidence (and defendants have submitted none) showing that evidence related to FMSI or ATI would result in confusion. The opposite is true. FMSI and ATI published documents relating to asbestos and the hazards of asbestos.

### III. Plaintiffs' Experts May Refer To Reliable Material, Including FMSI and ATI Documents In Forming Their Opinions.

Even if the documents were inadmissible in their own right, it would be permissible for Plaintiffs' experts to rely on them. An expert may even rely on inadmissible evidence to form his or her opinion "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." FED. R. EVID. 703. The expert may disclose the inadmissible facts underlying his or her opinion "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. In this case, the information is quite probative, in fact far more probative than prejudicial, and if Plaintiffs' experts relied on these documents, they should be permitted to disclose that fact to the jury.

The bottom line is that defendants will have every opportunity to cross examine plaintiffs' witnesses at trial and identify the sources which each expert relies upon. Until such time, however, defendants may not seek to preemptively exclude all FMSI and ATI materials and their contents simply because they do not support defendants' theory of the case.

### IV. FMSI Documents Fall Squarely Within a Number of Hearsay Exceptions.

FMSI and ATI documents are admissible under a number exceptions to the hearsay rule, including (1) Fed. R. Evid. 803(6) as records of a regularly conducted

5

activity; (2) Fed. R. Evid. 803(16) as statements in ancient documents. Under Rule 803(6), documents are excepted from the hearsay rule if "(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity." The documents meet these requirements, as shown through the depositions of the custodian or records for each organization. *See* Sec. V, *infra.* Even more obviously, they are documents that are far more than 20 years old under Rule 803(16), and their authenticity has been established. *Id.* In short, FMSI documents are admissible under a number of exceptions to the hearsay rule.

### V.     The FMSI and ATI Documents Have Been Authenticated.

The FMSI and ATI documents have been authenticated for decades, as Defendant is aware. Doris Fagan, who served for many years as the Executive Secretary of ATI, authenticated the Minutes of the Asbestos Textile Institute for the years 1944 through 1977. *See* **Exhibit 1,** Deposition of Doris Fagan, May 23, 1979, at 9:9-11, 14-38. She was responsible for attending meetings, preparing minutes, and distributing them to the members of the association. *Id.* at 8:12-16. Edward Drislane, Secretary and Executive Director of FMSI, authenticated the documents of the FMSI. *See* **Exhibit 2,** Deposition of Edward Drislane, August 23, 1982, at 6:18-7:4, 14-31; **Exhibit 3,** Deposition of Edward Drislane, July 23, 1999, at 9-10. Some FMSI documents were authenticated by Margaret Baumgardner, Research Coordinator of the Claims Resolution Management Corporation, confirming that the documents were found in the business records of the

6

Manville Corporation. *See* **Exhibit 4,** Affidavit of Margaret Baumgardner, September 17, 2009. These documents are authenticated.

## CONCLUSION

For these reasons, plaintiffs respectfully request that Defendant's motion *in limine* seeking to exclude records relating to the Friction Materials Standards Institute and the Asbestos Textile Institute be denied.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Jeffrey B. Simon
Texas Bar No. 00788420
Attorneys for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-687-3248
kpaul@sgpblaw.com
jsimon@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com
*Local Civil Rule 83.1 Counsel*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION IN LIMINE TO EXCLUDE DOCUMENTS OF THE FRICTION MATERIAL STANDARDS INSTITUTE AND ASBESTOS TEXTILE INSTITUTE with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Kevin W. Paul*
Kevin W. Paul
