IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM YATES and<br>BECKY YATES, spouse, | )<br>)<br>) | EDNC File No.5:12-cv-00752-FL |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| FORD MOTOR COMPANY, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO FORD'S OMNIBUS MOTION IN LIMINE**

Plaintiffs Graham Yates and Becky Yates file this response to Ford's Omnibus Motion in Limine (Doc. 273) and would respectfully show the Court as follows:

1. **USE OF THE TERM "ASBESTOS VICTIMS" OR SIMILAR REFERENCES IN FRONT OF THE JURY.**

Plaintiffs oppose this motion in limine. There is no dispute that Mr. Yates has a fatal cancer caused by asbestos exposure. He is a victim of asbestos disease in the literal sense. If his attorneys want to advocate that he is an "asbestos victim," that term is neither false not misleading in any way. Defendant has not shown any unfair prejudice from use of this term. And it is not unfairly prejudicial for his attorneys to refer to him in this way. Indeed, courts similarly refer to plaintiffs as "asbestos victims." *See, e.g., Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. Pa. 1988) ("…we appreciate the district court's sensitivity to the asbestos victim's lack of redress…"); *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1485 (11th Cir. 1985) ("…the asbestos victim still must prove exposure to a particular defendant's product at some time and place"). There

is no basis to exclude this phrase.

2. **OTHER CASES INVOLVING COUNSEL.**

Plaintiffs agree to this motion in limine if it is reciprocal.

3. **LACK OF CORPORATE REPRESENTATIVE.**

Agreed that Plaintiffs' counsel will not comment on the presence or absence of a party. However, Plaintiffs' counsel reserves the right to comment on the decision of a party not to testify. A criminal defendant has a Fifth Amendment right to require no comment be made about his or her decision not to testify at trial, *Griffin v. California,* 380 U.S. 609, 615, 85 S. Ct. 1229, 1233, 14 L. Ed. 2d 106, 110 (1965), but no such prohibition protects a civil defendant from comment on its decision not to testify.

4. **TRADING PLACES.**

Plaintiffs agree to this motion in limine if it is reciprocal.

5. **ABSENT WITNESSES.**

Plaintiffs agree to this motion in limine if it is reciprocal.

6. **UNDISCLOSED WITNESSES.**

Plaintiffs agree to this motion in limine if it is reciprocal.

7. **IMPROPER OR PREJUDICIAL COMPARISONS.**

Plaintiffs do not agree to this motion in limine. The published literature, on which Plaintiffs' experts rely, makes such comparisons, and so such comparisons are proper subjects of testimony and reference in this case. *See, e.g.,* Laura S. Welch, et al., "Asbestos Exposure Causes Mesothelioma, But Not *This* Asbestos Exposure: An Amicus Brief to the Michigan Supreme Court," INT J OCCUP ENVIRON HEALTH 13:318-27 (2007), attached hereto as Exhibit 1 ("the efforts of the tobacco and asbestos industries to deny their products cause cancer have become a paradigm for 'doubt

science'").

8. **AMOUNT OF EXPERT COMPENSATION BY OTHER PARTIES.**

Plaintiffs do not agree to this motion in limine. This information is relevant to bias, and is this admissible. *Cf. Sprinkle v. Davis*, 111 F.2d 925, 931 (4th Cir. 1940) (fact that witness is employed by a party to a lawsuit relevant to show bias); *see also Bluestone Coal Corp. v. CNX Land Res., Inc.*, NO. 1:07-00549, 2009 U.S. Dist. LEXIS 62803, at *4, 2009 WL 1942435 (S.D. W. Va. July 1, 2009) ("It is well-settled that the amount of an expert's compensation is relevant to bias."); *Porter v. Hamilton Beach/Proctor Silex, Inc.*, No. 01-2970-MaV, 2003 U.S. Dist. LEXIS 18571, at *4, 2003 WL 22385679 (W.D. Tenn. August 27, 2003) ("It is well-settled that examining an expert's compensation is relevant to bias and is permissible.").

9. **DOCUMENTS FROM THE INDUSTRIAL HYGIENE FOUNDATION ("IHF").**

Plaintiffs do not agree to this motion in limine. Plaintiffs have the burden of proof to show that Ford either knew or should have known of the potential for asbestos to cause disease in order to prevail on their negligence claim at trial. One of the very probative and useful ways to satisfy this burden is to demonstrate to the jury the various publications being disseminated by the very trade organizations in which defendants maintained memberships. For instance, Ford was a member of the IHF as early as 1946. *See* Transactions of the Industrial Hygiene Foundation (1946) - Membership List, attached hereto as Exhibit 2. As a member, Ford received IHF digests that included articles addressing the dangers of asbestos. For example, in April 1957, IHF published an abstract of a study that reported an increased incidence of lung tumors in mice exposed to asbestos and noted that there was accumulating evidence that asbestos is a possible cause of lung cancer. *See* INDUSTRIAL HYGIENE DIGEST, April 1957, attached hereto as Exhibit 3, at 18-19 (reporting abstract of K.M. Lynch et al., *Pulmonary Tumors in Mice Exposed to Asbestos Dust*, ARCH IND HEALTH

15:207-214 (Mar. 1957)). In June of 1957, IHF reported another study finding that insulation workers had a surprisingly high rate of asbestosis accompanied by pleural abnormalities. *See* INDUSTRIAL HYGIENE DIGEST, June 1957, attached hereto as Exhibit 4, at 18-19 (reporting abstract of J. Frost et al., *Asbestosis with Pleural Calcification among Insulation Workers*, Danish Med Bull 3:202-204 (Nov. 1956)). The only reason Plaintiff seeks to discuss the IHF materials is to demonstrate the historical knowledge possessed by Ford. Documents provided to Ford by the organizations to which it belonged is one of the best methods to demonstrate this knowledge.

Documents related to the IHF are not hearsay, as they fall squarely under the following exceptions: FED. R. EVID. 803(6) - Records of a regular conducted activity; FED. R. EVID. 803(16) – Statements in ancient documents; FED. R. EVID. 803(18) – Statements in learned treatises, periodicals, pamphlets; FED. R. EVID. 807 – Residual exception for statements with "equivalent circumstantial guarantees of trustworthiness."

Assuming that the IHF documents were not independently admissible, to the extent they form the basis and underpinnings of the opinions voiced by the Plaintiff's experts the documents are admissible pursuant to FED. R. EVID. 703. Rule 703 specifically notes that the facts or data relied upon by experts in forming opinions or inferences upon a subject need not be admissible in evidence. These facts or data may be disclosed to the jury if their probative value substantially outweighs their prejudicial effect, and in this case, the probative value of this information is extremely probative and far outweighs any prejudicial effect.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Jeffrey B. Simon
Texas Bar No. 00788420
Attorneys for Plaintiff

Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-687-3248
kpaul@sgpblaw.com
jsimon@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com
*Local Civil Rule 83.1 Counsel*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' RESPONSE TO FORD'S OMNIBUS MOTION IN LIMINE with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Kevin W. Paul*
Kevin W. Paul