IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM YATES and<br>BECKY YATES, spouse, | )<br>)<br>) | EDNC File No.5:12-cv-00752-FL |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| FORD MOTOR COMPANY, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
FORD'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FOREIGN
BANS ON THE IMPORTATION OF CHRYSOTILE ASBESTOS**

Plaintiffs Graham Yates and Becky Yates file this Response in Opposition to Defendant Ford Motor Company's Motion in Limine to Exclude Evidence of Foreign Bans on the Importation of Chrysotile Asbestos (Doc. 289) and would respectfully show the Court that the motion should be denied.

**INTRODUCTION**

Defendant Ford Motor Company ("Ford") filed a motion in limine seeking to exclude reference to foreign bans on chrysotile asbestos. According to Ford, evidence relating to foreign bans on asbestos is "irrelevant" and "unduly prejudicial." Defendants are incorrect.

First, the evidence which Defendant seeks to exclude is neither inadmissible nor unduly prejudicial. Defendants are confusing damaging with prejudicial. They are not the same. Simply because evidence is damaging *to defendants* does not mean it is inadmissible. "Unfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." *United*

1

*States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 404.21[3][b] (Joseph M. McLaughlin, ed., 2d ed. 2002)). Instead, Rule 403 only requires the exclusion of evidence "that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice 'substantially outweighs the probative value of the evidence.'" *Id.*

Second, defendants are requesting this court to make an across-the-board ruling with respect to the introduction of evidence relating to foreign bans on chrysotile asbestos in the absence of any context. "[A]ll evidence exists in a factual context, and to understand evidence one must understand its context." *In re Application of the United States*, 830 F. Supp. 2d 114, 130 (E.D. Va. 2011). To the extent defendants have an objection with respect to the introduction of specific evidence, they can make the appropriate objection at trial. Until such time, however, this motion should be denied.

Finally, evidence related to foreign bans on chrysotile asbestos is relevant and admissible to show knowledge and notice of the hazards of asbestos exposure. As set forth in *Carlin*, actual knowledge of the defendants is not at issue. "The actual knowledge of the individual manufacturer, even if reasonably prudent, is not the issue. We view the standard to require that the manufacturer is held to the knowledge and skill of an expert in the field; it is obliged to keep abreast of any scientific discoveries and is presumed to know the results of all such advances." (*Carlin v. Superior Court* (1996) 13 Cal.4th 1104, 1113, fn. 3; see also *Greenman v. Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 62 ["A manufacturer is strictly liable in tort when an article he places on the

market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being"].)

Plaintiffs therefore request that defendants' motion *in limine* be denied.

## LEGAL ARGUMENT

I. **This Evidence Is Relevant Because Manufacturers Are Impugned With Constructive Knowledge of The Dangers Of Their Products.**

Plaintiffs oppose defendants' motion on the grounds that information known by foreign governments is relevant to prove what was *knowable* to Defendants had the Defendants conducted an inquiry into the hazards of their product. Thus, admission of any evidence, testimony, argument or suggestion regarding a ban on the importation of asbestos from a foreign government is relevant and admissible.

It is well established that manufacturers are held to the knowledge and skill of an expert in their field and are impugned with constructive knowledge of the dangers of their products *See Borel v. Fibreboard Paper Products Corp.,* 493 F.2d 1076, 1081 (5th Cir. 1973); *Mack v. Stryker Corp.*, 748 F.3d 845, 847 (8th Cir. 2014) ("Manufacturers are held to the skill of an expert in the field that their products enter, and they are obligated to keep informed of medical knowledge and discoveries in that field."). Likewise, a manufacturer is liable when it knows or should have known of an unreasonably dangerous condition and fails to warn. N.C. Gen. Stat. § 99B-5(a). In this case, Defendants had a continuing duty to warn under North Carolina law, so Defendant's knowledge remains at issue. To show a failure to warn, a plaintiff must prove that the manufacturer acted unreasonably in failing to provide such warning or instruction, the failure to warn or instruct was a proximate cause of harm, and 3) either (a) the failure to warn or instruct created an unreasonably dangerous condition that the

3
Case 5:12-cv-00752-FL   Document 327   Filed 04/07/15   Page 3 of 6

manufacturer knew or should have known posed a substantial risk of harm to a foreseeable plaintiff, or (b) *"after the product left the manufacturer's control, the manufacturer became aware or in the exercise of ordinary care should have known that the product posed a substantial risk of harm to a reasonably foreseeable user or consumer, and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances."* N.C. Gen. Stat. § 99B-5(a) (emphasis added). A warning given even after Mr. Yates's period of exposure could have affected his healthcare and future actions, and Defendants had a continuing duty to provide such warnings. Thus, what Defendant knew or should have known is relevant to Defendant's continuing duty to warn.

Information published by foreign governments regarding a ban on the importation of asbestos is relevant to plaintiffs' asbestos-related claims. Despite the availability of information showing that the use of defendants' products was potentially dangerous, including foreign bans on the importation of asbestos, the defendants did nothing to protect Mr. Yates or any other person that encountered the respirable asbestos that was indisputably present when working with their asbestos-containing products.

## II.     The Evidence Is Not Unfairly Prejudicial.

Defendants seek to exclude evidence relating to foreign bans because it is unfavorable *to them*. Again, simply because evidence is damaging *to defendants* does not mean it is inadmissible. "Unfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." *Mohr*, 318 F.3d at 619 (quoting Weinstein & Berger, *Weinstein's Federal Evidence*, § 404.21[3][b]). Instead, Rule 403 only requires the exclusion of evidence "that damages

4

manufacturer knew or should have known posed a substantial risk of harm to a foreseeable plaintiff, or (b) *"after the product left the manufacturer's control, the manufacturer became aware or in the exercise of ordinary care should have known that the product posed a substantial risk of harm to a reasonably foreseeable user or consumer, and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances."* N.C. Gen. Stat. § 99B-5(a) (emphasis added). A warning given even after Mr. Yates's period of exposure could have affected his healthcare and future actions, and Defendants had a continuing duty to provide such warnings. Thus, what Defendant knew or should have known is relevant to Defendant's continuing duty to warn.

Information published by foreign governments regarding a ban on the importation of asbestos is relevant to plaintiffs' asbestos-related claims. Despite the availability of information showing that the use of defendants' products was potentially dangerous, including foreign bans on the importation of asbestos, the defendants did nothing to protect Mr. Yates or any other person that encountered the respirable asbestos that was indisputably present when working with their asbestos-containing products.

## II.     The Evidence Is Not Unfairly Prejudicial.

Defendants seek to exclude evidence relating to foreign bans because it is unfavorable *to them*. Again, simply because evidence is damaging *to defendants* does not mean it is inadmissible. "Unfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." *Mohr*, 318 F.3d at 619 (quoting Weinstein & Berger, *Weinstein's Federal Evidence*, § 404.21[3][b]). Instead, Rule 403 only requires the exclusion of evidence "that damages

an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice 'substantially outweighs the probative value of the evidence.'" *Id.*

Under FED. R. EVID. 403, evidence relating to foreign bans is admissible. The fact that the evidence is also damaging to defendants does not alter its admissibility. Defendants have failed to show that the prejudice associated with the admission of this evidence is sufficient to be excluded under Rule 403, particularly given the probative nature of the evidence and the sliding scale utilized under Rule 403. *See Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012) ("We employ a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice."); *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002) ("when evidence is highly probative, even a large risk of unfair prejudice may be tolerable").

## CONCLUSION

For these reasons, plaintiffs respectfully request that Defendant's motion in limine seeking to exclude all references to foreign bans on the importation of asbestos be denied.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Jeffrey B. Simon
Texas Bar No. 00788420
Attorneys for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-687-3248
kpaul@sgpblaw.com
jsimon@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

><br>
> */s/ Janet Ward Black*<br>
> Janet Ward Black<br>
> NC State Bar 12869<br>
> Attorney for Plaintiff<br>
> Ward Black Law<br>
> 208 W. Wendover Ave.<br>
> Greensboro, NC  27401<br>
> 336-333-2244<br>
> jwblack@wardblacklaw.com<br>
> *Local Civil Rule 83.1 Counsel*<br>
> **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT FORD'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FOREIGN BANS ON THE IMPORTATION OF CHRYSOTILE ASBESTOS with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

> */s/ Kevin W. Paul*<br>
> Kevin W. Paul