IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM YATES and | ) | EDNC File No.5:12-cv-00752-FL |
| BECKY YATES, spouse, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORDANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS FORD MOTOR COMPANY AND HONEYWELL INTERNATIONAL, INC.'S *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF DR. BRODY**

Plaintiffs, by and through their undersigned counsel of record, and respectfully submit this Memorandum in Support of their Motion to Strike Defendants Ford Motor Company ("Ford") and Honeywell International, Inc.'s ("Honeywell") *Daubert* Motion to Exclude the Testimony of Dr. Brody. For the reasons set forth below, Plaintiffs respectfully requests that this Court strike Ford and Honeywell's *Daubert* motion in relation to Dr. Brody.

**INTRODUCTION AND BACKGROUND**

On October 23, 2015 this Court issued a pretrial Scheduling Order, which set forth the applicable deadlines for the case's pretrial and trial schedule. (DE 231). The Scheduling Order set the trial date for April 20, 2015 and enforced a deadline requiring pretrial motions *in limine* to be filed 14 days prior to the final pretrial conference. The final pretrial conference was scheduled for April 14, 2015. Pursuant to this date, the deadline for motions *in limine* was March 31, 2015.

All parties timely filed their motions *in limine* by the March 31, 2015 deadline, although defendants raised reservations regarding motions related to Dr. Mark because his deposition had

not been completed. Defendants filed a motion to strike Dr. Mark's testimony as a result of this. (DE 330). <u>All</u> other experts had been fully deposed well before the March 31, 2015 deadline, including Dr. Brody's deposition, which was completed March 19, 2015.

On April 8, 2015, this Court held a telephonic conference to discuss the various *Daubert*-like motions that were filed pursuant to the March 31, 2015 deadline and to discuss the scheduling in this case. (DE 356). After addressing the fact that Dr. Mark's deposition had not been completed, the Court denied defendants' motion to strike Dr. Mark's testimony without prejudice and ruled that defendants would have an additional four hours to depose Dr. Mark. (*See* DE 356). The Court also took note that at least 15 motions filed on the March 31, 2015 deadline contained *Daubert*-like issues. Based on the limited time that existed before the final pretrial conference, this Court ruled that the trial set to begin April 20, 2015 was no longer feasible.

During this conference, Defendants raised no issue concerning any prejudice or inability to file a *Daubert* motion related to Dr. Brody by the March 31, 2015 motions deadline.

As a result of the conference, the Court imposed a new deadline for the final pretrial conference and trial. The Court also ordered the parties to file a joint report scheduling the remaining deadlines in advance of trial by April 14, 2015. Within this report, the parties were directed to impose deadlines for any motions related to Dr. Mark and the responses thereto, to address the necessity of the Court to rule upon any dispute regarding the editing of video depositions, to memorialize any agreement regarding supplemental video depositions of plaintiff Graham Yates, and to note any issues regarding the parties' availability for hearings on motions *in limine*. (DE 356). The only supplemental motions addressed in the order were directed towards Dr. Mark, and there is no reference to any supplemental briefing for any other experts in the case.

On April 15, 2015, after the parties filed their joint report, this Court issued an Order, which addressed the schedule for the remaining deadlines in the case. (DE 363). The Order imposed no additional briefing other than motions related to Dr. Mark. (DE 363). The Court imposed the following pertinent deadlines:

**April 24, 28, 2015** – The deposition of Dr. Mark in two hour intervals for a total of four hours was to be completed.

**May 8, 2015** – defendant to file any *Daubert* motion or other motion <u>related to Dr. Mark</u> (*emphasis added*).

**May 18, 2015** – Plaintiff to file response briefs to defendants' Daubert motion or other motions related to Dr. Mark.

**June 2-3, 2015** – Hearing date for any remaining motions including Daubert motions and motions *in limine* not already decided.

On May 8, 2015, in addition to the *Daubert* motion and motion *in limine* related to Dr. Mark, Defendant Ford (with Honeywell joining in on the motion) filed a *Daubert* motion related Dr. Brody. Defendants never raised any issue with the Court or Plaintiffs regarding their intention to file an additional *Daubert* motion related to Dr. Brody, nor have they submitted any adequate justification for filing their untimely motion. The motion is clearly in violation of the scheduling order issued by this Court on April 15, 2015, and should be stricken.

## ARGUMENTS AND AUTHORITIES

Rule 16 of the Federal Rules of Civil Procedure provides the applicable standard for when a Scheduling Order can be modified. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The touchstone of 'good cause' under Rule 16(b) is diligence. In other words, the focus of the 'good cause' inquiry is 'on the diligence of the party seeking modification of the scheduling order.'" *Powell v. Kamireddy*, 2015 U.S. Dist. LEXIS 9026, 4 (E.D.N.C. Jan. 26, 2015) (internal citations omitted). "Rule 16(b)(4) expressly limits

modification of scheduling orders to good cause and thus does not permit alteration of deadlines based upon a showing of extraordinary circumstances or in the interest of justice." *Id.*

Here, Defendants have failed to show good cause for their unilateral decision to file an additional *Daubert* motion related to Dr. Brody. Further, Defendants did not even seek this Court's consent to do so. Defendants have had ample opportunity to request leave to file a *Daubert* motion related to Dr. Brody outside the scope of the scheduling order, but they have failed to do so. Their most recent opportunity was during the telephonic conference that took place April 8, 2015, yet they did not say a word about Dr. Brody.

Dr. Brody's deposition was completed on March 19, 2015, well before the March 31, 2015 deadline for motions *in limine*. Defendants cannot show, nor have they attempted to show, that they were prejudiced in any way that prevented them from timely filing any motions related to Dr. Brody. They have merely decided to go outside the parameters of this Court's April 15, 2015 Scheduling Order and file this additional, untimely motion. This type of conduct can clearly not be represented as being diligent. Defendants have not even attempted to show any extraordinary circumstances as to why they were not able to timely file a *Daubert* motion related to Dr. Brody. Even if defendants had attempted to do so, there are no extraordinary circumstances to justify or rationalize why they did not file a *Daubert* motion related to Dr. Brody prior to the March 31, 2015 deadline because Dr. Brody had been fully deposed well before that deadline. Allowing defendants to unilaterally alter the scheduling order only serves to promote this type of conduct in future litigation, which is not in the interests of justice.

Although prejudice to Plaintiffs is not a factor specifically referenced in *Powell*, to allow Defendants to file an additional *Daubert* motion related to Dr. Brody at such a late point in this litigation, absent any good faith justification for doing so or even asking the

4
Case 5:12-cv-00752-FL   Document 388   Filed 05/12/15   Page 4 of 6

consent of this Court prior to doing so, brings great prejudice to Plaintiffs in the form of costs and time spent to respond to the untimely motion.

Because the Defendants have violated the April 15, 2015 Scheduling Order, not sought consent from the Court to file an additional *Daubert* motion related to Dr. Brody, not shown any good cause for filing the untimely *Daubert* motion related to Dr. Brody, not shown any extraordinary circumstances for filing their untimely *Daubert* motion related to Dr. Brody, and not shown that it is in the interest of justice to allow their late-timed motion, Plaintiffs respectfully request that this Court strike Defendants' *Daubert* motion as it relates to Dr. Brody. Based on the rigid schedules, which apply to all parties, Plaintiffs also respectfully request that this Court to rule on this motion in an expedited manner.

This 12th day of May, 2015.

    Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Attorneys for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-687-3248
kpaul@sgpblaw.com
*Local Civil Rule 83.1 Counsel*

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com
*Local Civil Rule 83.1 Counsel*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on May 12, 2015, I electronically filed the foregoing true and correct copy of PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS FORD MOTOR COMPANY AND HONEYWELL INTERNATIONAL, INC.'S *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF DR. BRODY AND REQUEST FOR AN EXPEDITED RULING ON THIS MATTER with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

            */s/ Kevin W. Paul*
            Kevin W. Paul