IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-752-FL

| | |
|---|---|
| GRAHAM YATES and BECKY YATES, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY and HONEYWELL INTERNATIONAL, INC., <br><br> Defendants. | ORDER |

This matter comes now before the court on plaintiffs' motion to strike defendants' <u>Daubert</u> motion to exclude the testimony of Dr. Arnold Brody (DE 387). Defendants have responded, and no reply is permitted. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiffs' motion is denied.

**BACKGROUND**

Plaintiffs bring claims for personal injury and loss of consortium related to allegations that plaintiff Graham Yates contracted mesothelioma from defendants' brake products. Prior orders have granted summary judgment for defendants on plaintiffs' claims for breach of implied warranty (Second Cause), willful and wanton conduct (Third Cause) and false representation/fraud (Fourth Cause). Remaining for trial are plaintiffs' claims for negligence in putting asbestos or asbestos-containing products into the market (First Cause) and failure to warn (Fifth Cause).

Pursuant to prior scheduling orders issued in this case October 23, 2014 (DE 231), and February 2, 2015 (DE 237), the deadline for filing motions in limine that could be anticipated prior

to the final pretrial conference was originally set for March 31, 2015. Just over a week before the deadline, the court held a telephonic motion hearing March 23, 2015, to address a motion filed by defendant Honeywell International, Inc. ("Honeywell") to supplement its expert designations. Following the court's denial of defendant Honeywell's motion, it invited the parties to discuss any matters that might promote efficiencies in preparation for the upcoming trial. Counsel for defendant Ford previewed an anticipated <u>Daubert</u> motion to exclude plaintiff's expert, Dr. Eugene Mark, and specifically noted the "each and every breath theory" of causation, which holds that every breath of asbestos above the background environmental level is a substantial contributing factor to the development of mesothelioma. (Tr., 20:25-21:1) (DE 316). Defendant Ford's counsel expressed concern with completing its <u>Daubert</u> motion by the March 31 deadline, in light of difficulties encountered in scheduling Dr. Mark's deposition. To avoid piecemeal briefing on the exclusion of Dr. Mark, the court directed the parties to complete Dr. Mark's deposition with all haste, and file <u>Daubert</u> motions regarding this expert thereafter.

On the March 31 deadline for motions in limine, defendant Honeywell filed a Motion to Preclude Evidence Suggesting That Brake Dust Causes Pleural Mesothelioma or That "Every Exposure Counts," (DE 277) ("March 31 'Every Exposure Counts' Motion"), which was joined by defendant Ford (DE 312). The arguments made largely referred to Dr. Mark. However, in a footnote reference was made to the fact plaintiffs had also retained Dr. Brody. Argument was offered that "for the reasons articulated in this Motion, Dr. Brody should also not be permitted to testify that exposure to brake dust or processed chrysotile asbestos from brakes causes pleural mesothelioma or that 'every exposure to asbestos' above background was a substantial contributing factor." (Def. Honeywell's Mot., 2, n. 2) (DE 296). The motion also referred to a case from the

2

Central District of California in which the court rejected Dr. Brody's testimony that "each and every exposure" could be a substantial factor leading to the development of mesothelioma. Id. at 14-15 (citing Sclafani v. Air & Liquid Sys. Corp., Nos. 2:12-CV-3013-SVW-PJW, 2013 WL 2477077 (C.D. Cal. May 9, 2013)).

One week later, on April 7, 2015, defendants filed a motion to strike the testimony of Dr. Mark, noting ongoing difficulties in completing Dr. Mark's deposition. (DE 330). An administrative telephonic conference was held April 8, 2015, to address the motion to strike Dr. Mark, along with voluminous motions filings submitted March 31. The court denied defendants' motion to strike Dr. Mark's testimony without prejudice and granted defendants additional time to complete their depositions. (See April 10, 2015 Order, 1) (DE 356) ("April 10 Order"). Where the court anticipated that issues raised in the anticipated Daubert motion to exclude Dr. Mark would overlap with issues raised by defendant Honeywell's March 31 "Every Exposure Counts" Motion, the court further directed the clerk to strike defendant Honeywell's motion to avoid address of these arguments "in piecemeal fashion." (Id., 1-2). In addition, in light of the magnitude of the motions in limine, the outstanding Daubert motion, and the ongoing issues regarding Dr. Mark's deposition, the court reset the deadline for the final pretrial conference to June 29, 2015, and reset the deadline for trial to July 13, 2015. Finally, the court ordered the parties to file a joint report which would include "[t]he parties' proposed deadlines for any motion concerning Dr. Mark, and any response thereto." (April 10 Order, 3).

On April 14, 2015, the parties submitted a joint response to the order which included a deadline of May 8, 2015, for defendants "to file new Daubert motions or other motions related to Dr. Mark." (Consent Report, 3) (DE 362). The following day, the court issued order adopting the

May 8, 2015, deadline for defendants "to file any Daubert motion or other related to Dr. Mark." (April 15, 2015 Scheduling Order, 2) (DE 363) ("April 15 Order").

On May 8, 2015, defendant Honeywell submitted a Daubert Motion to Preclude Evidence Suggesting that Brake Dust Causes Pleural Mesothelioma or that "Every Exposure Counts." (DE 380). As with defendant Honeywell's March 31 "Every Exposure Counts" Motion, the memorandum accompanying this motion includes a footnote arguing that, "for the reasons articulated in this Motion, Dr. Brody should also not be permitted to testify that exposure to brake dust or processed chrysotile asbestos from brakes causes pleural mesothelioma or that 'every exposure to asbestos' above background was a substantial contributing factor to the development of Plaintiff Graham Yates' alleged mesothelioma." (Honeywell Memo. In Supp., 1 n. 1) (DE 381). It also references the same Sclafani decision excluding Dr. Brody's opinion that was referenced in the March 31 "Every Exposure Counts" Motion. (Id., 27). Defendant Ford filed a notice of joinder. (DE 385).

Also on May 8, 2015, defendant Ford filed its own Daubert Motion to Exclude the Testimony of Dr. Mark and Dr. Brody, (DE 383) ("Ford's May 8 Motion"), in which defendant Honeywell joined. (DE 384). Defendant Ford advances four arguments: 1) that these experts' opinions based on "each and every exposure" theory are not helpful to the jury; 2) that the "each and every exposure" theories are not based on sufficient data; 3) that Dr. Mark's opinions are not the product of a reliable methodology; and 4) that Dr. Mark's specific causation opinions do not apply reliable methods to the facts of this case. (Ford Memo. In Supp., 10-30) (DE 383). With respect to the latter two arguments regarding Dr. Mark's methodology, defendant Ford states that, "[b]ecause Dr. Brody merely states a causation principle . . . and does not purport to apply any

4

methodology, the . . . analysis refers only to Dr. Mark's proffered testimony" but that "to the extent the Court may find it appropriate to evaluate Dr. Brody's opinion as a 'method,' the portions of . . . analysis regarding 'each and every exposure' theory apply with equal force to Dr. Brody's opinion."  (Id., 15 and n. 10).

Plaintiffs filed the instant motion to strike May 12, 2015, arguing that defendant Ford's May 8 Motion be struck as it pertained to Dr. Brody, because the April 15 Order only extended the deadlines for motions related to Dr. Mark.

**COURT'S DISCUSSION**

The court finds defendant Ford's May 8 Motion to be in compliance with prior scheduling orders in this case.  Defendants made it clear that they sought to challenge all evidence based on the "every exposure" theory in defendant Honeywell's March 31 "Every Exposure Counts" Motion, which was joined by defendant Ford.  The April 10 Order likewise made clear that the challenge to the "every exposure theory" asserted in the March 31 "Every Exposure Counts" Motion would be preserved for defendants to assert in their subsequent Daubert motions pertaining to Dr. Mark.  It was in this context that the April 15 Order directed defendants "to file any Daubert motion or other related to Dr. Mark" by May 8.  (April 15 Order, 2).  The basis of defendant Ford's challenge to Dr. Brody is the same basis that was noted in defendant Honeywell's March 31 "Every Exposure Counts" Motion.  Defendant Ford was not precluded from filing a separate motion regarding its opposition to "every exposure" theory, or from raising additional points to support its argument that Dr. Brody's opinion should be excluded for relying on such theory.  Arguments pertaining to Dr. Brody's reliance on "every exposure" theory fall within the scope of the motions permitted by the April 15 Order.

5

Even if Ford's May 8 Motion did not comply with the court's prior scheduling orders, the court would deny the instant motion to strike. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> "Good cause" requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.

Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Prac. and Procedure Civ. 3d § 1522.2 (3d ed. 2010)).

Based on the record provided above, the court finds defendants have been sufficiently diligent in complying with scheduling deadlines regarding motions in limine pertaining to Dr. Brody, where they filed motion challenging this expert by the March 31 deadline initially set for motions in limine, and have made clear in subsequent conferences and filings that they did not intend to abandon their challenge. Plaintiffs' protests of suffering prejudice from the filing of the Ford's May 8 Motion are not well-taken, given that plaintiffs have been made well-aware of defendants' opposition to this expert's reliance on "every exposure" theory since at least March 31. The court finds good cause exists to modify the scheduling order to allow defendant Ford's May 8 Motion.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiffs' motion to strike defendant Ford's Daubert Motion to Exclude the Testimony of Dr. Mark and Dr. Brody (DE 387). The court will take

6

up defendant Ford's May 8 Motion (DE 382), joined by defendant Honeywell (DE 384), in due course.

SO ORDERED, this the 26th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge