IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-752-FL

| | |
|---|---|
| GRAHAM YATES and BECKY YATES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| FORD MOTOR COMPANY and ) | |
| HONEYWELL INTERNATIONAL, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' oral motions for protective order and to quash subpoenas, made during the motions hearing held in this case June 3, 2015. Plaintiffs have presented defendants with notices that they intend to take the depositions of Patrick Sheehan, Ph.D., Richard L. Schlenker, and Mark Garavaglia, and further that they will require these deponents to produce a number of documents regarding asbestos research and communications with defendants, other automobile manufacturers, and defendants' counsel. Defendants oppose these depositions for being untimely and for prejudice. For the reasons set forth below, the court denies the motions.

As an initial matter, defendants have not shown standing to challenge the subpoenas. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005) (quoting 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2459 (2d ed. 1995)); see also In re Grand Jury Subpoena John Doe,

No. 05GJ1318, 584 F.3d 175, 191 (4th Cir. 2007) ("Because the Congressman is challenging a third-party subpoena, he only has standing to challenge Doe's subpoena to the extent that he has a valid privilege or right with respect to the documents in question."); In re C and M Investments of High Point Inc., No. 13-10661, 2015 WL 661177, *2 (Bankr. M.D.N.C. Feb. 11, 2015); Singletary v. Sterling Transp. Co., Inc., 289 F.R.D. 237, 239 (E.D. Va. 2012).

None of the persons subpoenaed are parties to this case. Defendants have not claimed any privilege or personal right regarding the information sought by the subpoenas. Thus, they have not established standing to challenge the subpoenas.

Courts have also held that subpoenas constitute discovery and are subject to the discovery deadlines governing a case. Mortgage Information Servs., Inc. v. Kitchens, 201 F.R.D. 562, 566 (W.D.N.C. 2002); see also Neel v. Mid-Atlantic of Fairfield, LLC, No. SAG-10-CV-405, 2012 WL 98558, at *1 (D. Md. January 11, 2012); Fleetwood Transp. Corp. v. Packaging Corp. of Am., No. 1:11-MC-45, 2011 WL 6151479, at *1-2 (M.D.N.C. Dec. 12, 2011). On this reasoning, even in cases where a party lacks standing to challenge a subpoena, the court may on its own initiative deny a subpoena request when it finds that the subpoena should have issued during the discovery period. Dedmon v. Continental Airlines, Inc., No. 13-CV-0005-WJM-NYW, 2015 WL 1740095, at *2 (D. Colo. Apr. 14, 2015); Peterbilt of Great Bend, LLC v. Doonan, No. 05-1281-JTM, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006); Revander v. Denman, No. 00 Civ. 1810, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004); McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995).

Nevertheless, this exception to standing will not aid defendants' causes. Plaintiffs represent that the information sought relates to the impeachment of the testimony of defendant Honeywell's

2

expert, David Garabrant, M.D. The case management order originally issued in this case, April 17, 2013, provided a deadline for *fact* discovery of July 1, 2013. See (DE 118, ¶ 1). It also set deadlines for expert reports of July 15, 2013 and September 16, 2013, clearly contemplating that expert discovery would be conducted after fact discovery. (Id., ¶¶ 3-4). It did not set deadlines for discovery regarding those experts. Nor did the case management order set a deadline for the parties to complete all discovery. Following the court's orders granting in part and denying in part summary judgment with respect to defendants, additional orders on scheduling have issued, setting additional deadlines, but again no deadline was set for all discovery or for expert discovery in particular. (DE 231, 356, 363). Indeed, depositions of plaintiffs' expert, Eugene Mark, M.D., continued into late April of this year. See (Def. Ford's Memo. In Supp. of Daubert Motion, Ex. A - Mark Depo.) (DE 383-2).

Furthermore, none of the other Federal Rules of Civil Procedure regarding discovery apply. The evidence is proposed to be offered for impeachment, and therefore need not be disclosed under Rule 26(a)(1) or (a)(3). There is no indication that plaintiffs will offer these individuals as experts, and therefore were not obligated to disclose them under Rule 26(a)(2)(D). Finally, defendants have not produced any discovery request pursuant to which plaintiffs would have been obligated to disclose these witnesses or documents.

Accordingly, because the subpoenas are not in violation of any discovery deadline, and plaintiffs do not appear to be in violation of any other discovery obligations, the court will not issue a protective order or order to quash the subpoenas.

For the reasons provided above, defendants' motions for protective order and to quash subpoenas are DENIED.

SO ORDERED, this the 5th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge