IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-752-FL

| | |
|---|---|
| GRAHAM YATES and BECKY YATES, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FORD MOTOR COMPANY and )<br>HONEYWELL INTERNATIONAL, )<br>INC., successor-in-interest to Bendix )<br>Corporation, f/k/a Allied Signal, Inc. )<br>)<br>Defendants. ) | ORDER |

The court memorializes below rulings entered in open court June 2 and 3, 2015, and the status of motions remaining. The court also sets forth below its decision after hearing on remaining part of the motion to exclude evidence of foreign bans on the importation of chrysotile asbestos filed by defendant Ford Motor Company ("Ford"), (DE 289), joined by defendant Honeywell International, Inc. ("Honeywell"). (DE 360).

A.  Status of Certain Motions

For reasons set forth more particularly in the record, the court orders the following:

1. Where plaintiffs made oral motion to sequester defendant's expert witness, David Garabrant, M.D., during the June 2 presentation of the testimony of plaintiffs' expert witness Eugene Mark, M.D. ("Mark"), after hearing, said motion is DENIED;

2. Argument and testimony was heard regarding defendant Honeywell's <u>Daubert</u> motion

to preclude evidence suggesting that brake dust causes pleural mesothelioma or that "every exposure counts," (DE 380), joined by defendant Ford (DE 385), as well as defendant Ford's <u>Daubert</u> motion to exclude the testimony of plaintiffs' expert witnesses Mark and Arnold Brody, Ph.D. (DE 382), joined by defendant Honeywell (DE 384). These motions REMAIN PENDING;

3. Defendant Honeywell International Inc.'s ("Honeywell") motion in limine to exclude medical damages that exceed the amount necessary to satisfy the bills, (DE 257), joined by defendant Ford, (DE 272), is GRANTED;

4. Defendant Honeywell's motion in limine for disclosure of total amount of setoff, (DE 258), joined by defendant Ford Motor Company ("Ford"), (DE 271), is GRANTED IN PART, and DENIED IN PART. The motion is GRANTED, in that the court ORDERS plaintiffs to turn over information regarding amounts paid by settling defendants. The disclosure shall be made within five days. However, at hearing, defendant Ford suggested it would seek to introduce this information into evidence at trial, although defendant Honeywell disavowed such intention. To the extent that any defendant seeks to introduce this information into evidence at trial, without more, in this part the motion is DENIED;

5. Decision on defendant Honeywell's motion in limine to exclude the E.A. Martin letter, (DE 260), REMAINS PENDING;

6. Defendant Ford's omnibus motion in limine, (DE 273), joined by defendant Honeywell (DE 360), is DENIED IN PART. The motion is denied for mootness as to references to other cases involving counsel; asking a juror to trade places with

2

anyone; referencing evidence regarding exposure to defendants' products which was not divulged during the discovery process; and mentioning or making reference to the failure to call any witness equally available to all parties or any witness that is not available to or under the control of a party. In remaining part, decision REMAINS PENDING;

7. Defendant Ford's motion to exclude evidence related to the Longo/Hatfield experiments, (DE 297), REMAINS PENDING;

8. Plaintiffs' motion to exclude bankruptcy claim forms, (DE 299), is HELD IN ABEYANCE. Defendants are DIRECTED to provide to plaintiffs within 5 days of the date of this order proposed redacted claim forms sought to be admitted into evidence. Plaintiffs are DIRECTED to alert the court at final pretrial conference whether any further objections remain as to admission of bankruptcy claim forms as redacted, at which time the court will take up and finally decide the motion;

9. Plaintiffs' motion to exclude unsupported expert testimony claiming plaintiff was exposed to asbestos in the Navy, (DE 301), REMAINS PENDING;

10. Plaintiffs' motion to exclude VA compensation packet, (DE 305), is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as relates to the VA compensation decision. To the extent the motion seeks to exclude the VA compensation claim, the motion is DENIED. The VA compensation claim may be admitted, provided that personal identifiers are redacted. Defendants are DIRECTED to provide plaintiffs within five days of the date of this order proposed redacted claim forms sought to be admitted into evidence;

11. Plaintiffs' motion to limit testimony of John Graham, (DE 309), is HELD IN ABEYANCE, pending resolution of plaintiffs' motion to exclude unsupported expert testimony claiming plaintiff was exposed to asbestos in the Navy. (DE 301); and

12. At hearing June 3, defendant Ford made an oral motion to quash and for protective order regarding subpoenas of depositions in California for three witnesses: Patrick Sheehan, Ph.D. (scheduled for June 18, 2015), Richard L. Schlenker (scheduled for June 19, 2015), and Mark Garavaglia (scheduled for June 22, 2015). The court addresses this motion in separate order appearing on the docket.

B. Defendant Ford's Motion in Limine to Exclude Evidence of Foreign Bans on the Importation of Chrysotile Asbestos (DE 289), joined by defendant Honeywell (DE 360)

On May 15, 2015, the court issued order granting in part defendant Ford's motion to exclude evidence of foreign bans on the importation of chrysotile asbestos, to the extent the evidence post-dated plaintiff Graham Yates' exposures. Yates v. Ford Motor Company, No. 5:12-CV-752, 2015 WL 2189774, at *14, 27 (May 11, 2015). The court held in abeyance ruling on foreign bans that preceded plaintiff Graham Yates' exposures, and directed plaintiffs to present any pre-exposure regulatory decisions they wished to introduce into evidence, for more specific consideration. At hearing, plaintiffs stated they were not aware of any such pre-exposure evidence. Therefore, the court GRANTS in remaining part defendant Ford's motion.

SO ORDERED, this the 5th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

5