IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GRAHAM YATES and BECKY YATES, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 5:12-cv-00752-FL<br>) |
| AIR & LIQUID SYSTEMS CORPORATION, et al., | )<br>)<br>) |
| Defendants. | ) |

### FORD'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE, MOTION TO QUASH OR ENTER PROTECTIVE ORDER, AND MOTION FOR RECONSIDERATION OF ORDER AT D.E. 423

During the June 3, 2015 hearing, Defendants made an oral motion[1] for a protective order and to quash Plaintiffs' subpoenas seeking document production and deposition testimony from Richard Schlenker and Patrick Sheehan of Exponent, Inc. ("Exponent") and Mark Garavaglia of Cardno ChemRisk ("ChemRisk") as untimely, unduly burdensome (in that they require Defendants to attend a week of depositions in California before the final pre-trial conference), and seek undisclosed, collateral documents from undisclosed witnesses, none of which were included in Plaintiffs' pre-trial disclosures or discovery responses. Based on assurances from Plaintiffs' counsel that "the information sought relates to the impeachment of the testimony of defendant Honeywell's expert, David Garabrant, M.D." (not the addition of untimely or undisclosed witnesses or evidence), the Court denied Defendants' motion to quash. *See* D.E. 423 at 3. Within one hour of the Court's Order on June 5, Plaintiffs issued yet another subpoena to Dennis Paustenbach of ChemRisk demanding additional production of documents and his deposition testimony in California on June 17th. Then, contrary to their representations to the

---

[1] Because Plaintiffs' subpoenas were not served on Defendants until June 1 (despite their issuance on May 22), Defendants did not have the opportunity to brief this issue for the Court prior to the June 2-3 hearings.

1

Court, Plaintiffs served a purported amendment to their pre-trial disclosures in which Plaintiffs list all four subpoena recipients as witnesses and designate their anticipated deposition transcripts as *substantive* evidence in this case. To the extent there was previously any doubt, Plaintiffs' recent actions confirm their intentions to evade this Court's Orders and harass Defendants (as well as the subpoena recipients) with untimely, undisclosed, unduly burdensome, and irrelevant discovery on the eve of trial. As a party "affected by" Plaintiffs' subpoenas under Rule 45(d)(3)(B), and a party governed by this Court's discovery orders under Rules 16 and 26, Ford unquestionably has standing to object to Plaintiffs' violations of these Rules and Court Orders. Accordingly, for the following reasons, and pursuant to Federal Rules of Civil Procedure 16, 26, 37, 45, and 60, Defendant Ford Motor Company ("Ford") moves to strike Plaintiffs' amended pre-trial disclosures, to quash or enter a protective order against Plaintiffs' newly-issued subpoena to Dennis Paustenbach, and for reconsideration of its Order denying Ford's motion to quash/motion for protective order from Plaintiffs' previously-issued subpoenas to Richard Schlenker, Mark Garavaglia, and Patrick Sheehan (together with the Paustenbach subpoena, the "Subpoenas").

**1. Motion To Strike Plaintiffs' Amended Pre-trial Disclosures.**

Plaintiffs' attempt to amend their pre-trial disclosures to designate as substantive evidence that which they told this Court only relates to cross-examination of Dr. Garabrant should be rejected as contrary to their representations and a violation of the Court's Order permitting Plaintiffs' Subpoenas to proceed for that purpose. *See* D.E. 243 at 2.

Furthermore, in addition to adding the four Subpoena recipients' deposition transcripts as substantive evidence, Plaintiffs' amended pre-trial disclosures seek to add an additional, new witness, Amy Madl, another researcher whose deposition transcript they anticipate obtaining

2

from an unrelated case in which Ford is *not* a party,[2] as well as a host of new documents which may relate to Plaintiffs' examination of these purported new witnesses. *See* the redline comparison of Plaintiffs' original and amended pre-trial disclosures attached hereto as **Exhibit A**, and Plaintiffs' highlighted comparison of their original and amended exhibit list attached hereto as **Exhibit B**. However, Plaintiffs have not sought or secured permission to amend their original pre-trial disclosures, which were due on March 18, 2005 (28 days before the April 14, 2014 pre-trial conference) and which Ford has already responded to at length. *See* Fed. R. Civ. Pro. 26 (a)(3)(A); Local Rule 16.1(b)(1); D.E. 231. Accordingly, Plaintiffs' amended pre-trial disclosures are in violation of this Court's scheduling orders should be stricken pursuant to Federal Rule of Civil Procedure 16(f)(1)(c).[3]

While a court may modify a scheduling order for "good cause," there is no good cause to allow Plaintiffs' last minute attempts to harass Defendants with California depositions and document production – none of which have any bearing on the facts of this case or Plaintiffs' attempt to show bias in the some of the publications cited by Defendants' expert, Dr. David Garabrant. Specifically, Plaintiffs' Subpoenas (attached hereto as **Exhibit C**) can be summarized as seeking documents and deposition testimony related to "support" for studies/publications prepared by employees of Exponent and ChemRisk, and communications between Ford or other companies and Exponent or ChemRisk in commissioning those studies. However, to the extent

---

[2] The fact that Ford is not a party to that case and will not have the opportunity to cross-examine Dr. Madl during her June 18th deposition provides an additional and independent basis for the exclusion of her testimony as hearsay. *See* Fed. R. Evid. 804(b)(1).

[3] Similarly, Plaintiffs did not identify Richard Schlenker, Mark Garavaglia, Patrick Sheehan, Dennis Paustenbach, and Amy Madl as expert or fact witnesses in their discovery responses and, therefore, cannot call those witnesses (either live or by deposition) during the trial of this action. *See* Fed. R. Civ. Pro. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure to do so was substantially justified or is harmless."); Plaintiffs' discovery responses attached hereto as **Exhibit D**.

3

it may be relevant, Plaintiffs already have this information, which is undisputed. Indeed, during the June 3rd hearing, Plaintiffs cross-examined Dr. Garabrant at length regarding the involvement of Ford and other automotive companies in funding select publications – facts which are plainly disclosed on the face of those publications and are readily admitted by Dr. Garabrant. Moreover, as Dr. Garabrant described, the 2004 meta-analysis performed by Dr. Garabrant in conjunction with employees of Exponent and ChemRisk did not undertake any original research, but only analyzed the research of *independent* studies. Thus, Plaintiffs' purported bias argument does not even reach the twenty-two epidemiological studies upon which Dr. Garabrant relies and which definitively show that exposure to brake dust does not cause mesothelioma. Therefore, any additional details as to when or how Ford commissioned Exponent/ChemRisk's meta-analysis or similar publications are not of sufficient probative value to justify the burden, expense, and diversion of resources for Plaintiffs' wild goose chase on the eve of trial.

Furthermore, as Plaintiffs' counsel admitted during the June 3rd hearing, Plaintiffs have long been aware of Ford's sponsorship of those studies and could have sought the desired discovery two years ago, but this strategy did not occur to them until attending a conference two weeks before the hearing. Decoded, what Plaintiffs mean is that they have known (and have advanced) the same bias argument for years without success, but recently developed an alternative strategy to use this information in attempt to harass Defendants and the researchers instead. To be sure, if Plaintiffs had legitimate questions as to the details of Ford's involvement in sponsoring studies performed by Exponent or ChemRisk, they would have (and should have) posed those questions to Ford's expert Fiona Mowat, *an employee of Exponent*, during her expert deposition, or to Ford in written discovery in this case. However, Plaintiffs did neither.

4

For these reasons, Plaintiffs should not be allowed to insert undisclosed and untimely documents and deposition testimony as substantive evidence in this case at the eleventh hour. *See* Fed. R. Civ. Pro. 16(f)(1)(C); Fed. R. Civ. Pro. 37(c)(1).[4]

**2. Motion To Quash Or For Protective Order, And Motion For Reconsideration.**

As described above, Plaintiffs' Subpoenas seek irrelevant information and are posed for the improper purpose of harassing Defendants (and the Subpoena recipients) prior to trial. In addition, Plaintiffs' Subpoenas seek *fact* discovery and are, therefore, untimely under the Court's scheduling order at D.E. 118.

Specifically, to the extent Plaintiffs' Subpoenas seek information regarding "support" – defined by Plaintiffs' Subpoenas as "provision of money, personnel, literature, facilities, oversight, editing, research, materials, and/or tangible things" – provided by Ford or other companies for studies or publications drafted by Exponent or ChemRisk employees, such discovery is *fact* discovery. *See* Subpoenas at Exhibit C. Indeed, Federal Rule of Civil Procedure 26(b)(4) describes an "expert" as one whose opinions may be presented at trial, or one who is "retained or specially employed" in anticipation of litigation or trial. The Advisory Committee Notes confirm that witnesses who qualify as expert witnesses, but were not retained for litigation purposes, are fact witnesses and "should be treated as an ordinary witness." *See* Fed. R. Civ. Pro. 26, Adv. Cmte. Notes 1970, 2010. Here, the researchers Plaintiffs subpoenaed have not been designated as expert witnesses or retained as consulting experts by any party in

---

[4] In the alternative, should the Court believe Plaintiffs' proposed evidence to be of sufficient probative value to justify amending the scheduling order, Ford would propose to issue subpoenas and amend its pre-trial disclosures to add deposition testimony and documents from the researchers whose studies Plaintiffs rely upon for their expert opinions. Although Ford has not previously challenged the researchers who performed the studies upon which Plaintiffs rely (but which do not support Plaintiffs' arguments in any event), if Plaintiffs are permitted to create and introduce evidence attacking the researchers for some of the publications on which Ford's experts rely, Ford would be forced to establish that the same arguments of bias apply to the publications relied on by Plaintiffs' experts.

5

this case, and the information sought by Plaintiffs' Subpoenas (in relevant part) was not developed as part of their retention as "experts" in past cases. Thus, to the extent Plaintiffs' Subpoenas seek information related to the studies or publications authored by Exponent or ChemRisk employees, the Subpoenas seek fact discovery which is long past due under the July 15, 2013 fact discovery deadline set by the Court's scheduling order at D.E. 118. Irrespective of its standing as a party "affected by" Plaintiffs' Subpoenas under Rule 45, Ford has standing to challenge these Subpoenas as untimely under Rules 16 and 26, and as seeking discovery of undisclosed evidence under Rule 37. *See Singletary v. Sterling Transport Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012) (collecting cases).[5]

For these reasons, Plaintiffs' Subpoenas should be quashed or a protective order entered pursuant to Federal Rules of Civil Procedure 16, 26, 37, and 45, and Ford respectfully requests reconsideration of this Court's prior Order denying Defendants' motion to quash under Federal Rule of Civil Procedure 60.

## CONCLUSION

For the foregoing reasons, Plaintiffs' amended pre-trial disclosures should be stricken and their Subpoenas to Dennis Paustenbach, Richard Schlenker, Mark Garavaglia, and Patrick Sheehan should be quashed or subjected to protective order.

---

[5] Alternatively, to the extent Plaintiffs' overly-broad Subpoenas seek discovery of documents and information which were developed or received in connection with the Subpoena recipients' "expert" services for litigation purposes, such information is protected from disclosure pursuant to Federal Rule of Civil Procedure 26 and/or the work-product privilege. To the extent Plaintiffs' Subpoenas seek such information, Defendants unquestionably have a "personal right or privilege in the information sought by the subpoena." *See United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005); D.E. 423 at 2.

This the 12th day of June, 2015.

                SMITH, ANDERSON, BLOUNT, DORSETT,
                  MITCHELL & JERNIGAN, L.L.P.

By:    /s/ Addie K.S. Ries
       Kirk G. Warner
       North Carolina State Bar No. 16238
       Christopher R. Kiger
       North Carolina State Bar No. 28618
       Addie K.S. Ries
       North Carolina State Bar No. 31759
       Post Office Box 2611
       Raleigh, North Carolina 27602-2611
       Telephone:   (919) 821-1220
       Facsimile:    (919) 821-6800
       E-Mail:  kwarner@smithlaw.com
                  ckiger@smithlaw.com
                  aries@smithlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2015, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Janet Ward Black | jwblack@wardblacklaw.com |
| Kevin W. Paul | kpaul@sgpblaw.com |
| Charles E. Soechting | csoechting@sgpblaw.com |
| Jeffrey B. Simon | jsimon@sgpblaw.com |
| H. Lee Davis, Jr. | ldavis@davisandhamrick.com |
| Holly A. Hempel | holly.hempel@nelsonmullins.com |
| Bruce T. Bishop | bbishop@wilsav.com |

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By: /s/ Addie K.S. Ries
Kirk G. Warner
North Carolina State Bar No. 16238
Christopher R. Kiger
North Carolina State Bar No. 28618
Addie K.S. Ries
North Carolina State Bar No. 31759
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
E-Mail: kwarner@smithlaw.com
ckiger@smithlaw.com
aries@smithlaw.com

*Attorneys for Ford Motor Company*