# EXHIBIT  C

Plaintiffs' Subpoenas to Paustenbach, Schlenker, Garavaglia, and Sheehan

# United States District Court
## for the

_____ District of _____

| | ) |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.

  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

GRAHAM YATES and        )      EDNC File No.5:12-cv-00752-FL
BECKY YATES, spouse,       )
                                 )
       Plaintiffs,          )
                                 )
v.                                )
                               )
FORD MOTOR COMPANY, et al.,   )
                               )
                               )
       Defendants.        )

## PLAINTIFFS' NOTICE OF SUBPOENA TO PATRICK SHEEHAN FOR DEPOSITION IN A CIVIL CASE AND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that on **June 18, 2015 at 10:00 a.m. PT** in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Graham and Becky Yates in the above captioned action will take the deposition upon oral examination of Patrick Sheehan, Ph.D., for Exponent.  The deposition will take place at Regus Lake Merritt, 1901 Harrison Street, Suite 1100, Oakland, CA 94612, before a notary public or other officer authorized by law to administer oaths and will be recorded by stenographic and videographic means.  Provisions for real time made also be made available.

PLEASE TAKE FURTHER NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above captioned action requests, by subpoena, the production of documents and things from Patrick Sheehan.  The requested documents and production of things are to be produced on or before **June 12, 2015**.

A true and correct copy of the subpoena is attached.

1

This 22nd day of May, 2015.

Respectfully submitted,

/s/Kevin Paul
Kevin Paul, Pro Hac Vice
MSBA #12869
Attorney for Plaintiff
**Simon Greenstone Panatier Bartlett**
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-276-7680
kpaul@sgpblaw.com

Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
**Ward Black Law**
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

**ATTORNEYS FOR
PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the attorneys of record via e-mail on this 22nd day of May, 2015.

/s/Kevin Paul
Kevin Paul

2

# ATTACHMENT A

## DEFINITIONS

The requests for production are subject to and incorporate the following definitions and instructions used herein:

## DEFINITIONS

1.      YOU and DEPONENT mean Cardno Chemrisk and/or Exponent and its predecessors-in-interest and alternate entities, including Cardno Chemrisk and/or Exponent, and its officers, directors, managing agents and/or attorneys.

2.      SUPPORT means provision of money, personnel, literature, facilities, oversight, editing, research, materials, and/or tangible things.

3.      PERSON or PERSONS includes natural persons and entities.

4.      "ASBESTOS-CONTAINING MATERIAL(S)" as used herein means any product which included any form of asbestos as any part of its composition or ingredients, or as any part of the composition or ingredients of any component of the product. This term shall also mean any equipment or machinery, transportable, as well as fixed or mounted, including but not limited to brakes, clutches, boilers, motors turbines, in or on which an asbestos-containing product as defined above was incorporate, added, utilized, specified or applied. This term shall also mean raw and processed asbestos.

5.      "DOCUMENT(S)" as used herein means any written, recorded, digital, graphic or tangible material of any kind, whether prepared by you or by any other person that is in your possession, custody, or control. The term includes: agreements; contracts; letters; correspondence; writings, telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; books; notebooks; scrapbooks;

3

diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts; whether or not they resulted in a final document; minutes of meetings; conferences; and telephone or other conversations; invoices; purchase orders; bills of lading; sales ledgers; recordings; journals or books of account; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm microfiche; tape or disc recordings; and computer print-outs.

The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a documents and all copies in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation of the term "control" as used above, a document is in your control if you have the right to secure the document or a copy thereof from another person or entity.

## **PRODUCTION OF DOCUMENTS**

The Deponent shall produce the following documents as specified in the Rule 45 Subpoena and Notice of Deposition:

4

1.     ALL DOCUMENTS which reflect, discuss, or otherwise refer to SUPPORT provided to YOU or any Cardno Chemrisk and/or Exponent co-author for any study, report, case report, article, opinion, op-ed and/or pertaining ASBESTOS-CONTAINING FRICTION PRODUCTS.

2.     ALL DOCUMENTS which reflect, discuss or otherwise refer to SUPPORT provided to you by Ford Motor Co., Daimler-Chrysler, and/or General Motors Corp., or their legal counsel, relating to an article, study, case report, analysis, meta-analysis, data collection and/or other material.

3.     ALL DOCUMENTS which reflect, discuss or otherwise refer to consulting provided by you to Ford Motor Co., Daimler-Chrysler, and/or General Motors Corp. relating to any article, study, case report, analysis, meta-analysis, data collection and/or other material that was submitted for publication, or is or was anticipated to be submitted for publication.

4.  ALL DOCUMENTS which reflect, discuss, or refer to a plan to publish papers for you or other Cardno Chemrisk and/or Exponent personnel to rely upon for testimony in asbestos litigation.

5. ALL DOCUMENTS which reflect, discuss, or refer to a plan to publish papers for you or other Cardno Chemrisk and/or Exponent personnel to use to rebut the testimony of testifying witnesses called by Plaintiffs in asbestos litigation.

5

6. ALL DOCUMENTS which reflect, discuss, or refer to a plan for you to assist defense counsel in Daubert or Frye challenges to testifying witnesses called by Plaintiffs in asbestos litigation.


7. ALL DOCUMENTS sent by you or received by you with counsel for Ford, or Daimler Chrysler, General Motors, or Honeywell that contain or refer to language in whole or in part from any manuscript later submitted for publication.


8. ALL DOCUMENTS sent by Dr. David Garabrant to you, or from you to him, regarding the subject of asbestos-containing friction products or those who may have worked with such products.


9. ALL DOCUMENTS sent to you Patrick Hessel, or from you to him, regarding the subject of asbestos-containing friction products or those who may have worked with such products.


10. ALL DOCUMENTS sent to you by Darrell Grams, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

11. ALL DOCUMENTS sent to you by attorney John Henderson, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

12. ALL DOCUMENTS sent to you by attorney Paul Lankford, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

13. ALL DOCUMENTS sent to you by attorney Bruce Bishop, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

14. ALL DOCUMENTS discussing or referring to the subject, in whole or in part, of which journal(s) should be selected for the purpose of publishing a manuscript financed, in whole or in part, by Ford, Daimler-Chrysler, General Motors, and/or Honeywell.

Case 5:12-cv-00752-FL   Document 429-5   Filed 06/12/15   Page 11 of 44

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| GRAHAM YATES and | ) | EDNC File No.5:12-cv-00752-FL |
| BECKY YATES, spouse, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| FORD MOTOR COMPANY, et al., | ) | |
|  | ) | |
|  | ) | |
| Defendants. | ) | |

## PLAINTIFFS' NOTICE OF SUBPOENA TO MARK GARAVAGLIA FOR DEPOSITION IN A CIVIL CASE AND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that on **June 22, 2015 at 10 a.m. PT** in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Graham and Becky Yates in the above captioned action will take the deposition upon oral examination of Mark Garavaglia, CFO, for Cardno Chemrisk. The deposition will take place at Regus South Financial District, 201 Mission, Suite 1200, San Francisco, CA 94105, before a notary public or other officer authorized by law to administer oaths and will be recorded by stenographic and videographic means. Provisions for real time made also be made available.

PLEASE TAKE FURTHER NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above captioned action requests, by subpoena, the production of documents and things from Mark Garavaglia. The requested documents and production of things are to be produced on or before **June 15, 2015**.

A true and correct copy of the subpoena is attached.

This 22nd day of May, 2015.

Respectfully submitted,

/s/Kevin Paul
Kevin Paul, Pro Hac Vice
MSBA #12869
Attorney for Plaintiff
**Simon Greenstone Panatier Bartlett**
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-276-7680
kpaul@sgpblaw.com

Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
**Ward Black Law**
208 W. Wendover Ave.
Greensboro, NC  27401
336-333-2244
jwblack@wardblacklaw.com

**ATTORNEYS FOR
PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the attorneys of record via e-mail on this 22nd day of May, 2015.

/s/Kevin Paul
Kevin Paul

# ATTACHMENT A

## DEFINITIONS

The requests for production are subject to and incorporate the following definitions and instructions used herein:

## DEFINITIONS

1.  YOU and DEPONENT mean Cardno Chemrisk and/or Exponent and its predecessors-in-interest and alternate entities, including Cardno Chemrisk and/or Exponent, and its officers, directors, managing agents and/or attorneys.

2.  SUPPORT means provision of money, personnel, literature, facilities, oversight, editing, research, materials, and/or tangible things.

3.  PERSON or PERSONS includes natural persons and entities.

4.  "ASBESTOS-CONTAINING MATERIAL(S)" as used herein means any product which included any form of asbestos as any part of its composition or ingredients, or as any part of the composition or ingredients of any component of the product. This term shall also mean any equipment or machinery, transportable, as well as fixed or mounted, including but not limited to brakes, clutches, boilers, motors turbines, in or on which an asbestos-containing product as defined above was incorporate, added, utilized, specified or applied. This term shall also mean raw and processed asbestos.

5.  "DOCUMENT(S)" as used herein means any written, recorded, digital, graphic or tangible material of any kind, whether prepared by you or by any other person that is in your possession, custody, or control. The term includes: agreements; contracts; letters; correspondence; writings, telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; books; notebooks; scrapbooks;

diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts; whether or not they resulted in a final document; minutes of meetings; conferences; and telephone or other conversations; invoices; purchase orders; bills of lading; sales ledgers; recordings; journals or books of account; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm microfiche; tape or disc recordings; and computer print-outs.

The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a documents and all copies in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation of the term "control" as used above, a document is in your control if you have the right to secure the document or a copy thereof from another person or entity.

## **PRODUCTION OF DOCUMENTS**

The Deponent shall produce the following documents as specified in the Rule 45 Subpoena and Notice of Deposition:

1.      ALL DOCUMENTS which reflect, discuss, or otherwise refer to SUPPORT provided to YOU or any Cardno Chemrisk and/or Exponent co-author for any study, report, case report, article, opinion, op-ed and/or pertaining ASBESTOS-CONTAINING FRICTION PRODUCTS.

2.      ALL DOCUMENTS which reflect, discuss or otherwise refer to SUPPORT provided to you by Ford Motor Co., Daimler-Chrysler, and/or General Motors Corp., or their legal counsel, relating to an article, study, case report, analysis, meta-analysis, data collection and/or other material.

3.      ALL DOCUMENTS which reflect, discuss or otherwise refer to consulting provided by you to Ford Motor Co., Daimler-Chrysler, and/or General Motors Corp. relating to any article, study, case report, analysis, meta-analysis, data collection and/or other material that was submitted, or is or was to be submitted for publication.

4.  ALL DOCUMENTS which reflect, discuss, or refer to a plan to publish peer-reviewed papers for you or other Cardno Chemrisk and/or Exponent personnel to rely upon for testimony in asbestos litigation.

5. ALL DOCUMENTS which reflect, discuss, or refer to a plan to publish peer-reviewed papers for you or other Cardno Chemrisk and/or Exponent personnel to use to rebut the testimony of testifying witnesses called by Plaintiffs in asbestos litigation.

6. ALL DOCUMENTS which reflect, discuss, or refer to a plan for you to assist defense counsel in Daubert or Frye challenges to testifying witnesses called by Plaintiffs in asbestos litigation.

7. ALL DOCUMENTS sent by you or received by you with counsel for Ford, or Daimler Chrysler, General Motors, or Honeywell that contain or refer to language in whole or in part from any manuscript later submitted for publication.

8. ALL DOCUMENTS sent by Dr. David Garabrant to you, or from you to him, regarding the subject of asbestos-containing friction products or those who may have worked with such products.

9. ALL DOCUMENTS sent to you Patrick Hessel, or from you to him, regarding the subject of asbestos-containing friction products or those who may have worked with such products.

10. ALL DOCUMENTS sent to you by Darrell Grams, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

11. ALL DOCUMENTS sent to you by attorney John Henderson, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that

discusses, in any part, asbestos-containing friction products or those who may work with them.

12. ALL DOCUMENTS sent to you by attorney Paul Lankford, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

13. ALL DOCUMENTS sent to you by attorney Bruce Bishop, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

14. ALL DOCUMENTS discussing or referring to the subject, in whole or in part, of which journal(s) should be selected for the purpose of publishing a manuscript financed, in whole or in part, by Ford, Daimler-Chrysler, General Motors, and/or Honeywell.

15. ALL DOCUMENTS showing payments made to Cardno Chemrisk by Honeywell and/or the law firm of Wilcox & Savage for litigation consulting provided by anyone at Cardno Chemrisk.

16. ALL DOCUMENTS reflecting invoices or bills submitted for payment by Cardno

Chemrisk for litigation consulting services rendered to Honeywell and/or the law firm of

Wilcox & Savage.

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| GRAHAM YATES and | ) | EDNC File No.5:12-cv-00752-FL |
| BECKY YATES, spouse, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' NOTICE OF SUBPOENA TO RICHARD L. SCHLENKER FOR DEPOSITION IN A CIVIL CASE AND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that on **June 19, 2015 at 10:00 a.m. PT** in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Graham and Becky Yates in the above captioned action will take the deposition upon oral examination of Richard L. Schlenker, for Exponent. The deposition will take place at Regus Hamilton Avenue, 228 Hamilton Avenue, 3rd Floor, Palo Alto, Silicon Valley, CA 94301, before a notary public or other officer authorized by law to administer oaths and will be recorded by stenographic and videographic means. Provisions for real time made also be made available.

PLEASE TAKE FURTHER NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above captioned action requests, by subpoena, the production of documents and things from Richard L. Schlenker. The requested documents and production of things are to be produced on or before **June 12, 2015**.

A true and correct copy of the subpoena is attached.

This 22nd day of May, 2015.

Respectfully submitted,

*/s/Kevin Paul*
Kevin Paul, Pro Hac Vice
MSBA #12869
Attorney for Plaintiff
**Simon Greenstone Panatier Bartlett**
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-276-7680
kpaul@sgpblaw.com

Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
**Ward Black Law**
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

**ATTORNEYS FOR
PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon the attorneys of record via e-mail on this 22nd day of May, 2015.

*/s/Kevin Paul*
Kevin Paul

2

# ATTACHMENT A

## DEFINITIONS

The requests for production are subject to and incorporate the following definitions and instructions used herein:

## DEFINITIONS

1.      YOU and DEPONENT mean Cardno Chemrisk and/or Exponent and its predecessors-in-interest and alternate entities, including Cardno Chemrisk and/or Exponent, and its officers, directors, managing agents and/or attorneys.

2.      SUPPORT means provision of money, personnel, literature, facilities, oversight, editing, research, materials, and/or tangible things.

3.      PERSON or PERSONS includes natural persons and entities.

4.      "ASBESTOS-CONTAINING MATERIAL(S)" as used herein means any product which included any form of asbestos as any part of its composition or ingredients, or as any part of the composition or ingredients of any component of the product.  This term shall also mean any equipment or machinery, transportable, as well as fixed or mounted, including but not limited to brakes, clutches, boilers, motors turbines, in or on which an asbestos-containing product as defined above was incorporate, added, utilized, specified or applied.  This term shall also mean raw and processed asbestos.

5.      "DOCUMENT(S)" as used herein means any written, recorded, digital, graphic or tangible material of any kind, whether prepared by you or by any other person that is in your possession, custody, or control.  The term includes: agreements; contracts; letters; correspondence; writings, telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; books; notebooks; scrapbooks;

3

diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts; whether or not they resulted in a final document; minutes of meetings; conferences; and telephone or other conversations; invoices; purchase orders; bills of lading; sales ledgers; recordings; journals or books of account; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm microfiche; tape or disc recordings; and computer print-outs.

The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a documents and all copies in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation of the term "control" as used above, a document is in your control if you have the right to secure the document or a copy thereof from another person or entity.

## PRODUCTION OF DOCUMENTS

The Deponent shall produce the following documents as specified in the Rule 45 Subpoena and Notice of Deposition:

1.     ALL DOCUMENTS which reflect, discuss, or otherwise refer to SUPPORT provided to YOU or any Cardno Chemrisk and/or Exponent principal or employee for any study, report, case report, article, opinion, op-ed and/or pertaining ASBESTOS-CONTAINING FRICTION PRODUCTS.

2.     ALL DOCUMENTS which reflect, discuss or otherwise refer to SUPPORT provided to Exponent or Cardno Chemrisk principals or employees by Ford Motor Co., Daimler-Chrysler, and/or General Motors Corp., or their legal counsel, relating to an article, study, case report, analysis, meta-analysis, data collection and/or other material.

3.     ALL DOCUMENTS which reflect, discuss or otherwise refer to consulting provided by you to Ford Motor Co., Daimler-Chrysler, and/or General Motors Corp. relating to any article, study, case report, analysis, meta-analysis, data collection and/or other material that was submitted for publication, or is or was anticipated to be submitted for publication.

4.  ALL DOCUMENTS which reflect, discuss, or refer to a plan to publish papers for Cardno Chemrisk and/or Exponent personnel to rely upon for testimony in asbestos litigation.

5. ALL DOCUMENTS which reflect, discuss, or refer to a plan to publish papers Cardno Chemrisk and/or Exponent personnel to use to rebut the testimony of testifying witnesses called by Plaintiffs in asbestos litigation.

6. ALL DOCUMENTS which reflect, discuss, or refer to a plan for Exponent personnel to assist defense counsel in Daubert or Frye challenges to testifying witnesses called by Plaintiffs in asbestos litigation.

7. ALL DOCUMENTS sent by Exponent personnel or received by Exponent personnel with counsel for Ford, or Daimler Chrysler, General Motors, or Honeywell that contain or refer to language in whole or in part from any manuscript later submitted for publication.

8. ALL DOCUMENTS sent by Dr. David Garabrant to a principal or employee of Exponent, or from him to such person(s), regarding the subject of asbestos-containing friction products or those who may have worked with such products.

9. ALL DOCUMENTS sent to you by Patrick Hessel, or from you to him, regarding the subject of work to done or to be done to assist defendant(s) in asbestos disease injury cases.

10. ALL DOCUMENTS sent to Exponent personnel by Darrell Grams, or from him to such person(s), regarding the subject of the publication or anticipated publication

6

of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

11. ALL DOCUMENTS sent to Exponent personnel by John Henderson, or from him to such person(s), regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

12. ALL DOCUMENTS sent to Exponent personnel by attorney Paul Lankford, or from him to such person(s), regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

13. ALL DOCUMENTS sent to Exponent personnel by attorney Bruce Bishop, or from him to such person(s), regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

14. ALL DOCUMENTS showing payments made to Exponent by Honeywell and/or the law firm of Wilcox & Savage for litigation consulting provided by anyone at Exponent.

7

15. ALL DOCUMENTS reflecting invoices or bills submitted for payment by Exponent for litigation consulting services rendered to Honeywell and/or the law firm of Wilcox & Savage.

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| Defendant | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

| | | |
|---|---|---|
| GRAHAM YATES and | ) | EDNC File No.5:12-cv-00752-FL |
| BECKY YATES, spouse, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, et al., | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFFS' NOTICE OF SUBPOENA TO DENNIS PAUSTENBACH FOR
DEPOSITION IN A CIVIL CASE AND FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that on **June 17, 2015 at 10 a.m. PT** in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Graham and Becky Yates in the above captioned action will take the deposition upon oral examination of Dennis Paustenbach, Ph.D., C.I.H., DABT, for Cardno Chemrisk. The deposition will take place at Regus South Financial District, 201 Mission, Suite 1200, San Francisco, CA 94105, before a notary public or other officer authorized by law to administer oaths and will be recorded by stenographic and videographic means. Provisions for real time made also be made available.

PLEASE TAKE FURTHER NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above captioned action requests, by subpoena, the production of documents and things from Dennis Paustenbach. The requested documents and production of things are to be produced on or before **June 12, 2015**.

A true and correct copy of the subpoena is attached.

This 3rd day of June, 2015.

Respectfully submitted,

/s/Kevin Paul
Kevin Paul, Pro Hac Vice
MSBA #12869
Attorney for Plaintiff
**Simon Greenstone Panatier Bartlett**
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-276-7680
kpaul@sgpblaw.com

Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
**Ward Black Law**
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the attorneys of record via e-mail on this 3rd day of June, 2015.

/s/Kevin Paul
Kevin Paul

# ATTACHMENT A

## DEFINITIONS

The requests for production are subject to and incorporate the following definitions and instructions used herein:

## DEFINITIONS

1. YOU and DEPONENT mean Cardno Chemrisk and/or Exponent and its predecessors-in-interest and alternate entities, including Cardno Chemrisk and/or Exponent, and its officers, directors, managing agents and/or attorneys.

2. SUPPORT means provision of money, personnel, literature, facilities, oversight, editing, research, materials, and/or tangible things.

3. PERSON or PERSONS includes natural persons and entities.

4. "ASBESTOS-CONTAINING MATERIAL(S)" as used herein means any product which included any form of asbestos as any part of its composition or ingredients, or as any part of the composition or ingredients of any component of the product. This term shall also mean any equipment or machinery, transportable, as well as fixed or mounted, including but not limited to brakes, clutches, boilers, motors turbines, in or on which an asbestos-containing product as defined above was incorporate, added, utilized, specified or applied. This term shall also mean raw and processed asbestos.

5. "DOCUMENT(S)" as used herein means any written, recorded, digital, graphic or tangible material of any kind, whether prepared by you or by any other person that is in your possession, custody, or control. The term includes: agreements; contracts; letters; correspondence; writings, telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; books; notebooks; scrapbooks;

diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts; whether or not they resulted in a final document; minutes of meetings; conferences; and telephone or other conversations; invoices; purchase orders; bills of lading; sales ledgers; recordings; journals or books of account; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm microfiche; tape or disc recordings; and computer print-outs.

The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a documents and all copies in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation of the term "control" as used above, a document is in your control if you have the right to secure the document or a copy thereof from another person or entity.

## **PRODUCTION OF DOCUMENTS**

The Deponent shall produce the following documents as specified in the Rule 45 Subpoena and Notice of Deposition:

1.    ALL DOCUMENTS which reflect, discuss, or otherwise refer to SUPPORT provided to YOU or any Cardno Chemrisk and/or Exponent co-author for any study, report, case report, article, opinion, op-ed and/or pertaining ASBESTOS-CONTAINING FRICTION PRODUCTS.

2.    ALL DOCUMENTS which reflect, discuss or otherwise refer to SUPPORT provided to you by Ford Motor Co., Daimler-Chrysler, and/or General Motors Corp., or their legal counsel, relating to an article, study, case report, analysis, meta-analysis, data collection and/or other material.

3.    ALL DOCUMENTS which reflect, discuss or otherwise refer to consulting provided by you to Ford Motor Co., Daimler-Chrysler, and/or General Motors Corp. relating to any article, study, case report, analysis, meta-analysis, data collection and/or other material that was submitted, or is or was to be submitted for publication.

4.  ALL DOCUMENTS which reflect, discuss, or refer to a plan to publish peer-reviewed papers for you or other Cardno Chemrisk and/or Exponent personnel to rely upon for testimony in asbestos litigation.

5. ALL DOCUMENTS which reflect, discuss, or refer to a plan to publish peer-reviewed papers for you or other Cardno Chemrisk and/or Exponent personnel to use to rebut the testimony of testifying witnesses called by Plaintiffs in asbestos litigation.

6. ALL DOCUMENTS which reflect, discuss, or refer to a plan for you to assist defense counsel in Daubert or Frye challenges to testifying witnesses called by Plaintiffs in asbestos litigation.

7. ALL DOCUMENTS sent by you or received by you with counsel for Ford, or Daimler Chrysler, General Motors, or Honeywell that contain or refer to language in whole or in part from any manuscript later submitted for publication.

8. ALL DOCUMENTS sent by Dr. David Garabrant to you, or from you to him, regarding the subject of asbestos-containing friction products or those who may have worked with such products.

9. ALL DOCUMENTS sent to you Patrick Hessel, or from you to him, regarding the subject of asbestos-containing friction products or those who may have worked with such products.

10. ALL DOCUMENTS sent to you by Darrell Grams, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

11. ALL DOCUMENTS sent to you by attorney John Henderson, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that

discusses, in any part, asbestos-containing friction products or those who may work with them.

12. ALL DOCUMENTS sent to you by attorney Paul Lankford, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

13. ALL DOCUMENTS sent to you by attorney Bruce Bishop, or from you to him, regarding the subject of the publication or anticipated publication of a manuscript that discusses, in any part, asbestos-containing friction products or those who may work with them.

14. ALL DOCUMENTS discussing or referring to the subject, in whole or in part, of which journal(s) should be selected for the purpose of publishing a manuscript financed, in whole or in part, by Ford, Daimler-Chrysler, General Motors, and/or Honeywell.

15. ALL DOCUMENTS showing payments made to Cardno Chemrisk by Honeywell and/or the law firm of Wilcox & Savage for litigation consulting provided by anyone at Cardno Chemrisk.

16. ALL DOCUMENTS reflecting invoices or bills submitted for payment by Cardno

Chemrisk for litigation consulting services rendered to Honeywell and/or the law firm of

Wilcox & Savage.