IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-752-FL

| | | |
|---|---|---|
| GRAHAM YATES and BECKY YATES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| FORD MOTOR COMPANY and HONEYWELL INTERNATIONAL, INC., successor-in-interest to Bendix Corporation, f/k/a Allied Signal, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court previously on plaintiff's first motion to amend complaint, filed April 28, 2015 (DE 377). Defendants responded in opposition, and the court denied the motion by text order entered June 1, 2015. The instant memorandum opinion sets for the court's reasons for the decision.

## BACKGROUND

In their complaint filed November 16, 2012, plaintiffs state that they seek "monetary damages as a result of Plaintiff Graham Yates contracting an asbestos-related disease," mesothelioma. (Compl. ¶3). Plaintiffs assert that plaintiff Graham Yates's "exposure to asbestos and/or asbestos-containing products occurred during his employment at sites listed on the attached Schedule I," incorporated by reference in the complaint. (Compl. ¶4).

Schedule I provides, as an "employer/worksite," the "U.S. Navy – USS JONAS INGRAM (DD-938) [and] USS CLARENCE K. BRONSON (DD-668)," during approximately 1957 to 1960, among other sites of asbestos exposure from approximately 1956 to 1970. (Compl. p. 19). It also lists the following "products containing asbestos": "Pumps, Purifiers, Steam Traps, Clutches, Blowers, Turbines, Valves, Insulation, Cement, Pipe Covering, Gaskets, Feed Systems, Friction Products, Boilers, Condensers, Belts and Hoses, Ship's Service Generators, Engines, Welding Rods and Machines, Brakes, Marinite and Micarta Board, Gaskets and Packing, roof coating, Filters." (Id.).

Plaintiffs allege that defendants, comprising 29 corporations, "manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment, . . . so that these materials were caused to be used at the Plaintiff Graham Yates' job sites." (Compl. ¶6).

In the first cause of action in the complaint, based on negligence, plaintiffs claim that all defendants, except one (Metropolitan Life Insurance Company), acted negligently in placing asbestos or asbestos-containing materials, products or equipment into interstate commerce without adequate warnings, "with the result that said asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff Graham Yates." (Compl. ¶¶ 15, 22). Plaintiffs allege that "[d]uring the course and scope of his employment, Plaintiff Graham Yates was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma." (Compl. ¶17).

Plaintiffs further allege that "Plaintiff Graham Yates, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that were manufactured, processed, distributed, supplied, and/or sold by Defendants." (Compl. ¶19). Plaintiffs also allege that "Defendants knew or should have known that persons employed like Plaintiff Graham Yates would be required to and would come into contact with and would work in close proximity to said products." (Id.).

In November 2013, eight defendants filed motions for summary judgment: IMO Industries, Inc. ("IMO") (DE 166); FMC Corporation ("FMC") (DE 168); Ford Motor Company ("Ford") (DE 171); Honeywell International, Inc. ("Honeywell") (DE 173); Dana Companies, LLC ("Dana") (DE 176); General Electric Company ("GE") (DE 177); Foster Wheeler Energy Corporation ("Foster Wheeler") (DE 178); and Crown Cork & Seal Company, Inc. ("Crown") (DE 179).[1]

Plaintiffs opposed only the motions for summary judgment by defendants Ford and Honeywell. As pertinent here, on January 31, 2014, the court granted the unopposed motion for summary judgment by defendant FMC, noting that while an alleged FMC predecessor supplied a pump that "plaintiff Graham Yates worked around while employed in the Navy," plaintiffs provided "no other evidence of the frequency, proximity, or manner of exposure." (DE 194 at 11). The court granted the unopposed motion for summary judgment by defendant Foster Wheeler, noting that while Foster Wheeler "manufactured a condenser that plaintiff Graham Yates worked around,"

---

[1] Thirteen other defendants were dismissed previously upon joint motions to dismiss or notices of voluntary dismissal. Eight additional defendants did not raise any issue for decision on summary judgment, (see DE 196 at 5), but were subsequently terminated from the action upon joint motions to dismiss or stipulation of dismissal.

3

plaintiffs did not present any evidence "detailing the manner of exposure of the level of asbestos in the product." (Id. at 12).

The court granted the unopposed motion for summary judgment by defendant IMO, noting that while an alleged IMO predecessor supplied "'asbestos materials' that plaintiff Graham Yates worked around," plaintiffs provided no evidence "identify[ing] the manufacturer of any equipment, or the brand or trade name of any product in the Bronson engine room." (Id. at 13). Finally, the court granted the unopposed motion for summary judgment by defendant GE, noting that while the "only potential place of exposure to GE products was on board the Bronson," plaintiffs provided no evidence that "a GE product exposed him to asbestos." (Id.).

## DISCUSSION

Plaintiffs moved to amend their complaint to remove all aspects of Schedule I that relate to plaintiff Graham Yates' asbestos exposure while in the Navy, and corresponding allegations in the claims that such exposure caused plaintiff Graham Yates' mesothelioma.[2] Plaintiffs suggest that the court's summary judgment decisions provide a basis for removing any such allegations.

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for

---

[2] Plaintiffs also seek to amend the complaint to (1) reflect only existing claims against Ford and Honeywell; (2) to remove all parties from the case caption, who are not longer parties to this action; and (3) to remove all causes of action for which the court granted motions for summary judgment, including plaintiffs' claim for punitive damages. Amendment for these reasons is unduly delayed and unnecessary in light of alternative procedures for presenting accurately claims and defendants remaining in the case to the jury. The court's analysis above thus focuses on the substantive amendment sought by plaintiffs.

4

defining issues for trial." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).  A properly pleaded complaint provides to an opponent "illumination as to the substantive theory under which [plaintiff] [i]s proceeding, which is the function of pleadings under the Federal Rules." Atl. Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 717 (4th Cir. 1983).

While "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a),  a "motion to amend may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant." Lone Star Steakhouse & Saloon v. Alpha of Va., Inc., 43 F.3d 922, 940 (4th Cir.1995). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing . . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir.2006).  For example, in Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 439, 440 (4th Cir. 2011), the Fourth Circuit held that the district court did not abuse its discretion in denying amendment to a counterclaim where the amendment was not fully briefed until "two weeks before the scheduled trial date" and, if allowed, "would likely have required further discovery," and "would substantially change the nature and scope of trial."

In this case, the amendment proposed by plaintiffs is improper for several reasons. First, the motion to amend is unduly delayed.  Plaintiffs could have sought leave to amend to remove allegations regarding alternative theories of exposure and causation after the court granted summary judgment on their claims against defendants FMC, Foster Wheeler, GE and IMO in January 2014. Indeed, since such motions were unopposed, plaintiffs could have sought leave to amend even prior to the court's order on summary judgment.  By seeking to amend the complaint  shortly before trial,

when they could have sought to amend much earlier, the amendment is unduly delayed. See <u>Laber</u>, 438 F.3d at 427; <u>Newport News</u>, 650 F.3d at 439, 440.

<u>Second</u>, the proposed amendment is unduly prejudicial because defendants are entitled to rely upon the claims and allegations in the complaint as a basis for preparing for and presenting their defense at trial. See <u>Francis</u>, 588 F.3d at 192; <u>Atl. Purchasers, Inc.</u>, 705 F.2d at 717.

<u>Third</u>, and relatedly, the proposed amendment is unduly prejudicial because defendants may rely upon factual allegations in the complaint as judicial admissions. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." <u>Amgen Inc. v. Connecticut Ret. Plans & Trust Funds</u>, 133 S. Ct. 1184, 1197 n.6 (2013) (quotations omitted). "It is well established that even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties." <u>Bright v. QSP, Inc.</u>, 20 F.3d 1300, 1305 (4th Cir. 1994) (quotations omitted).

Allowing plaintiffs to remove judicial admissions in the original complaint would be prejudicial to defendants, because they have no time remaining for discovery to develop additional evidentiary support for facts otherwise supported by judicial admissions. See <u>New Amsterdam Cas. Co. v. Waller</u>, 323 F.2d 20, 24 (4th Cir. 1963) ("A judicial admission is usually treated as absolutely binding, [and] such admissions go to matters of fact which, otherwise, would require evidentiary proof.").

Although the parties dispute the full extent and effect of the judicial admissions in the complaint, the court need not at this juncture determine conclusively their full extent and effect. It suffices for the present decision that those portions of the complaint impacted by the proposed

amendment contain judicial admissions in the form of factual assertions regarding plaintiff Graham Yates' exposure to asbestos while in the Navy.

For example, plaintiffs allege in the complaint that plaintiff Graham Yates's "exposure to asbestos and/or asbestos-containing products occurred during his employment at sites listed on the attached Schedule I," including as "employer/worksite," the "U.S. Navy – USS JONAS INGRAM (DD-938) [and] USS CLARENCE K. BRONSON (DD-668)," during approximately 1957 to 1960 (Compl. ¶4; Schedule I). Plaintiffs also allege that all named defendants' "asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff Graham Yates." (Compl. ¶15). Similarly, plaintiffs allege that all named defendants failed to warn "persons such as Plaintiff Graham Yates of the dangers . . . [in] breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment." (Id. ¶ 22(e)). In addition, "persons employed like Plaintiff Graham Yates would be required to and . . . would work in close proximity to said products." (Id. ¶19).

By contrast, some statements in the complaint pertaining to elements of claims may be more in the nature of assertions of mixed fact and law, not properly treated as judicial admissions for purposes of the instant decision. For example, Plaintiffs allege that "[d]uring the course and scope of his employment, Plaintiff Graham Yates was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma." (Compl. ¶17) (emphasis added). Generally, "courts are reluctant to treat opinions and legal conclusions as binding judicial admissions," except in the case of "deliberate, clear, and unambiguous statements by counsel," or "intentional and unambiguous waivers." Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264 & 265

n.2 (4th Cir. 2004). The above-emphasized portion of this statement contains a legal conclusion regarding whether causation was direct and proximate. It is also ambiguous as to differences in causation, if any, as between defendants and terms of employment. As such, the statement is not so deliberate, clear, and unambiguous, as to constitute a binding judicial admission that plaintiff Graham Yates's exposure to asbestos in the Navy was a direct and proximate cause of his mesothelioma.

Plaintiffs argue that they should be relieved of any judicial admissions in the complaint on the basis of the evidence developed since the complaint was filed, and on the basis of plaintiffs' lack of opposition to summary judgment in favor of FMC, Foster Wheeler, IMO, and GE. Both grounds are without merit. A court "has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission." New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 24 (4th Cir. 1963); see Coral v. Gonse, 330 F.2d 997, 999 n. 1 (4th Cir.1964) (noting court can relieve party from judicial admission if "convinced that an honest mistake had been made, the original allegation was untrue and that justice required relief").

Evidence cited by plaintiffs, including bankruptcy claim forms, deposition testimony, and other statements in the record (see DE 375 at 4-9), is insufficient to establish that factual admissions in the complaint are "clearly untrue" or that plaintiffs made an "honest mistake" in asserting allegations as to exposure to asbestos in the Navy. New Amsterdam, 323 F.2d at 24. In addition, plaintiffs' lack of opposition to summary judgment in favor of FMC, Foster Wheeler, IMO, and GE, is insufficient to meet this standard. As an initial matter, a lack of opposition to summary judgment may be attributed to any number of reasons, including strategic ones, unrelated to availability of

evidence to support a claim against a particular defendant. In any event, the court's reasons for granting the unopposed motions for summary judgment related to the failure to present evidence pertaining to each defendants' products, rather than exposure to asbestos in the Navy overall. (e.g., DE 194 at 11, 12, 13).

In sum, plaintiffs are bound by their judicial admissions in the nature of factual assertions regarding asbestos exposure in the Navy. Plaintiffs' proposed amendment seeking to delete these and other assertions, at this late juncture, after discovery has closed, is untimely and unduly prejudicial. Therefore, on the basis of the foregoing, the court denied plaintiffs' motion to amend complaint.

This the 26th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge