IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-752-FL

| | |
|---|---|
| REBECCA FUQUAY YATES, Individually and as Executor of the Estate of GRAHAM YATES, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY and HONEYWELL INTERNATIONAL, INC., successor-in-interest to Bendix Corporation f/k/a Allied-Signal, Inc., <br><br> Defendants. | ORDER |

This matter comes before the court on the motion (DE 459) by defendant Honeywell International, Inc. ("Honeywell"), for reconsideration of the court's September 30, 2014, order on summary judgment. Also before the court is the motion (DE 462) by defendant Ford Motor Company ("Ford") for summary judgment and to dismiss plaintiff's remaining claims. Plaintiff did not respond and the time period to do so has passed. In this posture the issues raised are ripe for ruling. For the following reasons, defendants' motions are granted.

**STATEMENT OF THE CASE**

Plaintiff brings claims for wrongful death and loss of consortium related to allegations that Graham Yates contracted mesothelioma from defendants' brake products. In the court's September 30, 2014, order on summary judgment, the court determined that product liability claims based upon negligence and failure to warn remained for trial.

On June 29, 2015, as pertinent to the instant motions, the court excluded testimony of plaintiff's expert, Dr. Eugene Mark ("Mark"), and certain portions of testimony of plaintiff's expert, Dr. Arnold Brody ("Brody"), pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993) (the "Daubert order"). That same date, the court also allowed filing of an amended complaint by plaintiff, which amended the party names and claims to account for the death of former plaintiff Graham Yates.

Following the court's Daubert order, on July 2, 2015, defendant Honeywell filed the instant motion to reconsider the court's September 30, 2014, summary judgment order, as a result of the court's exclusion of expert testimony in its Daubert. Defendant Ford filed the instant motion for summary judgment and motion to dismiss all claims against it, also as a result of the court's Daubert order.

On July 7, 2015, plaintiff moved to continue trial, noting an intention to file a motion for reconsideration of the court's Daubert order, and seeking time to obtain a different causation expert. That same date, the court directed plaintiff to file a motion for reconsideration by July 10, 2015, with response and reply briefs due as prescribed by the Local Civil Rules. The court stayed briefing as to the defendants' dispositive motions pending resolution of plaintiff's motion for reconsideration. The court denied the motion to continue insofar as it sought time to obtain a different causation expert.

On November 5, 2015, the court denied plaintiff's motion for reconsideration of the court's Daubert order. The court directed response, if any, to the instant dispositive motions by December 3, 2015.

**COURT'S DISCUSSION**

A. Standard of Review

    1. Motion for Reconsideration

Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Assoc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir.2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." Saint Annes Dev. Co. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011) (quoting American Canoe, 326 F.3d at 514-15)); see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1473 (4th Cir.1991) (stating that interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires").

"[D]octrines such as law of the case . . . have evolved as a means of guiding that discretion." Am. Canoe Ass'n, 326 F.3d at 515 (citing Sejman v. Warner–Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir.1988)). According to the law of the case doctrine, "earlier decisions of a court become law of the case and must be followed unless '(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" Am. Canoe Ass'n, 326 F.3d at 515 (quoting Sejman, 845 F.2d at 69).

3

2. Motion for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

B. Analysis

1. Negligence and Failure to Warn Claims

Defendants move for summary judgment, or for reconsideration of the court's September 30, 2014, order on summary judgment, on the basis that there is no genuine issue of fact regarding the causation element of plaintiff's negligence and failure to warn claims in light of the court's Daubert order. Where the court in its September 30, 2014, order relied upon expert testimony of Mark in concluding that plaintiff had brought forth sufficient evidence on causation to proceed to trial (See Order at 6-11, 19, 41), and where the court in it's Daubert order excluded testimony of Mark, the court finds good cause now to reconsider its September 30, 2014, summary judgment ruling. Summary judgment in favor of defendants is warranted where plaintiff lacks evidence sufficient to establish the causation element of plaintiff's negligence and failure to warn claims. See Jones v. Owens-Corning Fiberglas Corp., 69 F.3d 712, 716 & n.2 (4th Cir. 1995).

4

2. Breach of Implied Warranty Claims

Plaintiff asserts a breach of implied warranty claim in the amended complaint. The court previously dismissed plaintiff's breach of implied warranty claim in its September 30, 2014, order, (see DE 217 at 43), and defendant Ford seeks dismissal of the claim on that basis. Where the court previously dismissed the claim, and where plaintiff does not assert any basis for maintaining the claim in this action upon defendant's motion, the claim must be dismissed.

3. Design Defect Claim

Defendant Ford argues that, to the extent plaintiff continues to assert a design defect claim as component of plaintiff's negligence claim, such design defect claim was abandoned previously upon summary judgment and fails for lack of evidentiary support in the record. Defendant Ford has demonstrated an absence of evidence supporting a feasible alternative design, as an essential element of the claim. See Howerton v. Arai Helmet, Ltd., 358 NC 440, 471-72 (2004). Where plaintiff does not oppose the motion, and where plaintiff has not affirmatively demonstrated with specific evidence that there exists a genuine issue of material fact requiring trial, summary judgment as to this aspect of plaintiff's negligence claim is warranted.

4. Loss of Consortium Damages

Defendant Ford argues that plaintiff's claim for damages based upon loss of consortium must be dismissed because it is subsumed within plaintiff's wrongful death claim asserted on behalf of the estate of Graham Yates. Where the court has determined that summary judgment or dismissal as a matter of law is warranted as to all of plaintiff's substantive claims in this action, plaintiff's claim for damages based upon loss of consortium necessarily must be dismissed. Defendant's

5

separate argument in support of dismissal of plaintiff's claim for damages based upon loss of consortium is moot.

## CONCLUSION

Based on the foregoing, the motion (DE 459) by defendant Honeywell International, Inc. ("Honeywell"), for reconsideration of the court's September 30, 2014, order on summary judgment is GRANTED. The motion (DE 462) by defendant Ford Motor Company ("Ford") for summary judgment and to dismiss plaintiff's remaining claims is GRANTED. Defendants are entitled to summary judgment as to all claims asserted by plaintiff. As a result, the clerk is DIRECTED to terminate as moot the remaining pending motions and to close the case.

SO ORDERED, this the 17th day of December, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge